*FILED ELECTRONICALLY*

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
1:19-cv-484

| | |
|---|---|
| TOM WAGNER, SUSAN BRZEZINSKI, MATTHEW DEBROSSE, JOHN GLAZIER, JAMES HOWE, KEVIN MOFFIT, and LAURA WALKER on behalf of themselves and all others similarly situated, | PLAINTIFFS, |
| v. | |
| AIR METHODS CORPORATION, a Colorado corporation, | DEFENDANT. |

_____

## COMPLAINT
_____

The plaintiffs, Tom Wagner (Wagner), Susan Brzezinski (Brzezinski), Matthew DeBrosse (DeBrosse), John Glazier (Glazier), James Howe (Howe), Kevin Moffit (Moffit), and Laura Walker (Walker), on behalf of themselves and all others similarly situated, (collectively Plaintiffs) state the following complaint against defendant Air Methods Corporation (AMC):

### INTRODUCTION

1. This action arises under the state overtime laws of Illinois, Indiana, Maryland, Michigan, North Carolina, and Colorado which provide certain protections for employees to, *inter alia,* ensure proper payment of wages.

### PARTIES

2. Plaintiff Wagner was employed in Michigan by AMC as a Flight Paramedic from approximately 2006 until 2016.

3. Plaintiff Brzezinski was employed in Michigan by AMC as a Flight Nurse and/or a Clinical Nurse Manager from approximately 2005 until 2015.

4. Plaintiff DeBrosse was employed in Michigan by AMC as a Flight Paramedic from approximately 2008 until 2017.

5. Plaintiff Glazier was employed in Michigan by AMC as a Flight Paramedic from approximately 2011 until 2016.

6. Plaintiff Howe was employed in Michigan by AMC as a Flight Nurse from approximately 2006 until 2014.

7. Plaintiff Moffit was employed in Michigan by AMC as a Flight Nurse from approximately 2006 until 2016.

8. Plaintiff Walker was employed in Michigan by AMC as a Flight Nurse from approximately 2006 until 2017.

9. The aforementioned Plaintiffs are all residents of the State of Michigan.

10. AMC is a Colorado corporation duly authorized to conduct business within the states of Illinois, Indiana, Maryland, Michigan, North Carolina, and Colorado.

11. AMC provides air medical services in every state within the United States.

12. During relevant times herein, Plaintiffs and others were employed by AMC.

## JURISDICTION

13. Plaintiffs bring this complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## BACKGROUND FACTS
## RELEVANT TO ALL COUNTS

14. This is a representative action brought by Plaintiffs on behalf of themselves and other similarly situated employees as follows:[1]

   a. Any non-exempt employees who are or were employed by AMC in North Carolina and/or Indiana from March 22, 2015 until the time of trial;

   b. Any non-exempt employees who are or were employed by AMC in Michigan, Maryland, and/or Illinois from March 22, 2014 until the time of trial; and,

   c. Any non-exempt employees who are or were employed by AMC in Colorado from March 22, 2011 until the time of trial.

15. Plaintiffs and other similarly situated employees who were employed by AMC were not properly compensated for overtime hours worked in violation of relevant laws including 7 Code of Colorado Regulations § 1103-1:4; Indiana Code § 22-2-2-4; 820 Illinois Compiled Statutes 105/4a; Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.414a; and North Carolina General Statutes Annotated § 95-25.4.

16. The defendant, AMC, operates an air medical transport service providing services in every state inside the United States of America, at over three hundred (300) locations, subject to various state overtime laws as recited above.

---

[1] A civil action asserting a putative class action for each of these states was filed on March 22, 2017. *See Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863 (E.D. Ky. Oct. 23, 2017). Pursuant to *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983), the statute of limitations was tolled upon the filing of that Complaint.

17. AMC employs flight paramedics and flight nurses at each of their locations.

18. Flight paramedics and flight nurses are required to routinely work more than forty (40) hours per week for AMC.

19. Flight paramedics and flight nurses are not compensated at one- and one-half times their regular rate for **all** hours worked over forty (40) in a week.

20. AMC has a nationwide policy (excluding Kentucky) which provides that if a flight paramedic or flight nurse received at least five hours of uninterrupted sleep, it excludes an eight-hour sleep period from the overtime calculation.

REPRESENTATIVE ACTION ALLEGATIONS

21. Plaintiffs bring this action as a representative action on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by AMC as described above.

22. Plaintiffs and all other Flight Paramedics and Flight Nurses employed by AMC who performed work in Illinois, Indiana, Maryland, Michigan, North Carolina, and Colorado are similarly situated employees because, *inter alia,* they were all subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week.

COUNT ONE:
VIOLATIONS OF STATE WAGE & HOUR LAWS

23. Plaintiffs adopts by reference all preceding and subsequent averments as fully restated herein.

24. Laws including Code of Colorado Regulations § 1103-1:4; Indiana Code § 22-2-2-4; 820 Illinois Compiled Statutes 105/4a; Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.414a; and North Carolina General Statutes Annotated § 95-25.4 substantially set forth state wage and hour laws intended to protect employees and ensure that they are justly compensated.

25. Pursuant to laws including 7 Code of Colorado Regulations § 1103-1:4; Indiana Code § 22-2-2-4; 820 Illinois Compiled Statutes 105/4a; Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.414a; and North Carolina General Statutes Annotated § 95-25.4, AMC was required to provide compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a week.

26. AMC failed to provide proper overtime compensation to its employees, ignoring the requirements of the above recited laws.

27. Plaintiffs and all other similarly situated individuals were not exempt from the overtime requirements imposed by the above cited state overtime laws.[2]

28. AMC's failure to pay the plaintiffs and putative class members properly for all hours worked over forty (40) in a week at one-and-one-half times the individual's rate of pay, constitutes a clear violation of the above cited state overtime laws.

---

[2] *See, e.g., Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863 (E.D. Ky. Oct. 23, 2017), where the Eastern District of Kentucky held that an air medical ambulance service was required to follow the provisions of Kentucky Wage and Hour Act.

29. Such action constitutes a failure to compensate Plaintiffs for their overtime hours which proximately caused them to suffer economic harm.

30. Pursuant to Indiana Code § 22-2-5-2, Plaintiffs are entitled to compensatory damages, an additional amount equal to two times the amount of wages due, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AMC.

31. Pursuant to 820 Illinois Compiled Statute § 105/12(a), Plaintiffs are entitled to compensatory damages, an additional two percent (2%) of amount of wages due per month that the wage is unpaid, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AMC.

32. Pursuant to Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.419; and North Carolina General Statutes Annotated § 95-25.22, Plaintiffs are entitled to compensatory damages, an additional amount equal to the amount of wages due, attorneys' fees, and pre-judgment and post-judgment interest against AMC.

33. Pursuant to 7 Code of Colorado Regulations § 1103-1:18, Plaintiffs are entitled to compensatory damages, attorneys' fees, and pre-judgment and post-judgment interest against AMC.

COUNT TWO:
UNJUST ENRICHMENT

34. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

35. Plaintiffs and all other similarly situated individuals are entitled to the correct payment of wages.

36. AMC has been unjustly enriched by using Plaintiffs' services without providing the required compensation earned by and owed to Plaintiffs.

37. As a direct and proximate result of AMC's unjust enrichment, Plaintiffs have been damaged, in large part by fraud as described herein, in an amount that exceeds the jurisdictional minimum of this court.

WHEREFORE, Plaintiffs respectfully request that this court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23;

B. Appoint the undersigned as class counsel;

C. Enter judgment against AMC, granting Plaintiffs compensatory and punitive damages to the fullest extent of the law;

D. Award costs herein expended including an award of reasonable attorney's fees;

E. Trial by jury; and,

F. Provide such other legal and equitable relief to which they may be entitled.

Respectfully Submitted,

s/ J. Robert Cowan, Esq._____
J. Robert Cowan, Esq.
COWAN LAW OFFICE, PLC
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859.523.8883
Facsimile: 859.523.8885
Email: kylaw@cowanlawky.com

AND

s/ Charles W. Arnold, Esq._____
Charles W. Arnold, Esq.*
Christopher D. Miller, Esq.*
ARNOLD & MILLER, PLC
401 West Main Street, Suite 303

Lexington, Kentucky 40507
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: carnold@arnoldmillerlaw.com
Email: cmiller@arnoldmillerlaw.com

COUNSEL FOR PLAINTIFFS

*MOTION TO BE ADMITTED ARE FORTHCOMING