UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
1:19-cv-00484

*FILED ELECTRONICALLY*

TOM WAGNER, SUSAN BRZEZINSKI, MATTHEW DEBROSSE,
JOHN GLAZIER, JAMES HOWE, KEVIN MOFFIT,
LAURA WALKER, DANIELLE NOWISKI, GENE STALSBERG,
KRISTEN GRADO, GEORGE RAMEY, and NIKOLAS REPETA
on behalf of themselves and all others similarly situated       PLAINTIFFS,

v.

AIR METHODS CORPORATION, a Colorado Corporation       DEFENDANT.
_____

FIRST AMENDED COMPLAINT
_____

The plaintiffs, Tom Wagner (Wagner), Susan Brzezinski (Brzezinski), Matthew DeBrosse (DeBrosse), John Glazier (Glazier), James Howe (Howe), Kevin Moffit (Moffit), Laura Walker (Walker), Danielle Nowiski (Nowiski), Gene Stalsberg (Stalsberg), Kristen Grado (Grado), George Ramey (Ramey), and Nikolas Repeta (Repeta), on behalf of themselves and all others similarly situated, (collectively Plaintiffs) state the following amended complaint against the defendant, Air Methods Corporation, a Colorado Corporation (AMC):

INTRODUCTION

1. This action arises under the state overtime laws of Illinois, Indiana, Maryland, Michigan, New Mexico, North Carolina, and Colorado which provide certain protections for employees to, *inter alia,* ensure proper payment of wages.

## PARTIES

2. Plaintiff Wagner was employed in Michigan by AMC as a flight paramedic from approximately 2006 until 2016.

3. Plaintiff Brzezinski was employed in Michigan by AMC as a flight nurse and/or a clinical nurse manager from approximately 2005 until 2015.

4. Plaintiff DeBrosse was employed in Michigan by AMC as a flight paramedic from approximately 2008 until 2017.

5. Plaintiff Glazier was employed in Michigan by AMC as a flight paramedic from approximately 2011 until 2016.

6. Plaintiff Howe was employed in Michigan by AMC as a flight nurse from approximately 2006 until 2014.

7. Plaintiff Moffit was employed in Michigan by AMC as a flight nurse from approximately 2006 until 2016.

8. Plaintiff Walker was employed in Michigan by AMC as a flight nurse from approximately 2006 until 2017.

9. Plaintiff Nowiski was employed by AMC as a flight nurse from approximately 2014 until 2016.

10. Plaintiff Stalsberg is currently employed by AMC in Michigan as a flight paramedic since approximately 2007.

11. The aforementioned Plaintiffs are all residents of the State of Michigan.

12. Plaintiff Grado, a resident of New Mexico, was employed by AMC as a flight nurse from approximately 2016 until approximately 2017 in New Mexico.

13. Plaintiff Ramey, a resident of Pennsylvania, was employed by AMC as a flight paramedic from approximately 2011 until approximately 2017 in New Mexico.

14. Plaintiff Repeta, a resident of Nebraska, was employed by AMC as a flight paramedic from approximately 2014 until approximately 2017 in New Mexico.

15. AMC is a Colorado corporation duly authorized to conduct business within the states of Illinois, Indiana, Maryland, Michigan, New Mexico, North Carolina, and Colorado.

16. AMC provides air medical services in every state within the United States.

17. During relevant times herein, Plaintiffs and other similarly situated individuals were employed by AMC.

## JURISDICTION

18. Plaintiffs bring this complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## BACKGROUND FACTS
## RELEVANT TO ALL COUNTS

19. This is a representative action brought by Plaintiffs on behalf of themselves and other similarly situated employees as follows:[1]

   a. Any non-exempt employees who are or were employed by AMC in North Carolina and/or Indiana from March 22, 2015, until the time of trial;

---

[1] A civil action asserting a putative class action for each of these states was filed on March 22, 2017. *See Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863 (E.D. Ky. Oct. 23, 2017). Pursuant to *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983), the statute of limitations was tolled upon the filing of that Complaint.

  b. Any non-exempt employees who are or were employed by AMC in Michigan, Maryland, New Mexico, and/or Illinois from March 22, 2014, until the time of trial; and,

  c. Any non-exempt employees who are or were employed by AMC in Colorado from March 22, 2011, until the time of trial.

20. Plaintiffs and other similarly situated individuals employed by AMC were not properly compensated for overtime hours worked in violation of relevant laws including 7 Code of Colorado Regulations § 1103-1:4; Indiana Code § 22-2-2-4; 820 Illinois Compiled Statutes 105/4a; Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.414a; New Mexico Statute § 50-4-22(D); and North Carolina General Statutes Annotated § 95-25.4.

21. The defendant, AMC, operates an air medical transport service providing services in every state inside the United States of America, at over three hundred (300) locations, subject to various state overtime laws as recited above.

22. Among other clinical personnel staff, AMC employs flight paramedics and flight nurses at each of their locations.

23. Flight paramedics and flight nurses are required to routinely work more than forty (40) hours per week for AMC.

24. Flight paramedics and flight nurses are not compensated at one and one-half times their regular rate for **all** hours worked over forty (40) in a week.

25. AMC has a nationwide policy (excluding Kentucky) which provides that if a flight paramedic or flight nurse received at least five hours of uninterrupted sleep, it excluded an eight-hour sleep period from the overtime calculation.

## REPRESENTATIVE ACTION ALLEGATIONS

26. Plaintiffs bring this action as a representative action on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by AMC as described above.

27. Plaintiffs and all other flight paramedics and flight nurses employed by AMC who performed work in Illinois, Indiana, Maryland, Michigan, New Mexico, North Carolina, and Colorado are similarly situated employees because, *inter alia,* they were all subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week.

## COUNT ONE:
## VIOLATIONS OF STATE WAGE & HOUR LAWS

28. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

29. Laws including Code of Colorado Regulations § 1103-1:4; Indiana Code § 22-2-2-4; 820 Illinois Compiled Statutes 105/4a; Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.414a; New Mexico Statute § 50-4-22(D); and North Carolina General Statutes Annotated § 95-25.4 substantially set forth state wage and hours laws intended to protect employees and ensure that they are justly compensated.

30. Pursuant to laws including 7 Code of Colorado Regulations § 1103-1:4; Indiana Code § 22-2-2-4; 820 Illinois Compiled Statutes 105/4a; Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.414a; New Mexico Statute § 50-4-22(D); and North Carolina General Statutes Annotated § 95-25.4, AMC

was required to provide compensation at one and one-half times their regular rate for all hours worked over forty (40) in a week.

31.     AMC failed to provide proper overtime compensation to its employees, ignoring the requirements of the above recited laws.

32.     Plaintiffs and all other similarly situated individuals were not exempt from the overtime requirements imposed by the above cited state overtime laws.[2]

33.     AMC's failure to pay the plaintiffs and putative class members properly for all hours worked over forty (40) in a week at one and one-half times the individual's rate of pay, constitutes a clear violation of the above cited state overtime laws.

34.     Such action constitutes a failure to compensate Plaintiffs for their overtime hours which proximately caused them to suffer economic harm.

35.     Pursuant to Indiana Code § 22-2-5-2 and New Mexico Statute § 50-4-26, Plaintiffs are entitled to compensatory damages, an additional amount equal to two times the amount of wages due, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AMC.

36.     Pursuant to 820 Illinois Compiled Statute § 105/12(a), Plaintiffs are entitled to compensatory damages, an additional two percent (2%) of the amount of wages due per each month that the wage is unpaid, attorneys' fees, pre-judgment and post-judgment interest, and an award of punitive damages against AMC.

37.     Pursuant to Maryland Code, Labor & Employment § 3-420; Michigan Compiled Laws Annotated § 408.419; and North Carolina General Statutes Annotated § 95-25.22, Plaintiffs are entitled to compensatory damages, an additional amount equal

---

[2] *See, e.g., Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863, at *1 (E.D. Ky. Oct. 23, 2017), where the Eastern District of Kentucky held that an air medical ambulance service was required to follow the provisions of Kentucky Wage and Hour Act.

to the amount of wages due, attorneys' fees, and pre-judgment and post-judgment interest against AMC.

38. Pursuant to 7 Code of Colorado Regulations § 1103-1:18, Plaintiffs are entitled to compensatory damages, attorneys' fees, and pre-judgment and post-judgment interest against AMC.

COUNT TWO:<br>UNJUST ENRICHMENT

39. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

40. Plaintiffs and all other similarly situated individuals are entitled to the correct payment of wages.

41. AMC has been unjustly enriched by using Plaintiffs' services without providing the required compensation earned by and owed to Plaintiffs.

42. As a direct and proximate result of AMC's unjust enrichment, Plaintiffs have been damaged, in large part by fraud, in an amount that exceeds the jurisdictional minimum of this court.

WHEREFORE, Plaintiffs respectfully request that this court:

A. Certify this matter as a class action under Federal Rule of Civil Procedure 23;

B. Appoint the undersigned as class counsel;

C. Enter judgment against AMC, granting Plaintiffs compensatory and punitive damages to the fullest extent of the law;

D. Award costs herein expended including an award of reasonable attorney's fees;

E.   Trial by jury; and,

F.   Provide such other legal and equitable relief to which they may be entitled.

                    Respectfully Submitted,

COWAN LAW OFFICE, PLC

/s/ J. Robert Cowan, Esq.
J. Robert Cowan, Esq.
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859.523.8883
Facsimile: 859.523.8885
Email: kylaw@cowanlawky.com

AND

ARNOLD & MILLER, PLC

/s/ Charles W. Arnold, Esq.
Charles W. Arnold, Esq.
Christopher D. Miller, Esq.
401 West Main Street, Suite 303
Lexington, Kentucky 40507
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: carnold@arnoldmillerlaw.com
Email: cmiller@arnoldmillerlaw.com

AND

MOODY & STANFORD, P.C.
Christopher M. Moody, Esq.
Repps D. Stanford, Esq.
4169 Montgomery Blvd. NE
Albuquerque, NM  87109
Telephone:  505.944.0033
Facsimile:  505.944.0034
Email: moody@nmlaborlaw.com
Email: stanford@nmlaborlaw.com

CO-COUNSEL FOR PLAINTIFFS