## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. <u>1:19-cv-00484-RBJ-SKC</u>

TOM WAGNER, SUSAN BRZEZINSKI, MATTHEW DEBROSSE,
JOHN GLAZIER, JAMES HOWE, KEVIN MOFFIT, LAURA WALKER,
DANIELLE NOWISKI, GENE STALSBURG, KRISTEN GRADO,
GEORGE RAMEY, NIKOLAS REPETA and STEPHANIE PAULEY,
on behalf of themselves and all other similarly situated,

      Plaintiffs,

v.

AIR METHODS CORPORATION, a Colorado Corporation,
d/b/a AIR METHODS OF LIFENET OF MICHIGAN,

      Defendant.

---

### SECOND AMENDED COMPLAINT

---

The plaintiffs, Tom Wagner (Wagner), Susan Brzezinski (Brzezinski), Matthew DeBrosse (DeBrosse), John Glazier (Glazier), James Howe (Howe), Kevin Moffit (Moffit), Laura Walker (Walker), Danielle Nowiski (Nowiski), Gene Stalsberg (Stalsberg), Kristen Grado (Grado), George Ramey (Ramey), Nikolas Repeta (Repeta) and Stephanie Pauley, on behalf of themselves and all others similarly situated (collectively Plaintiffs), state the following Second Amended Complaint against defendant Air Methods Corporation, doing business as Air Methods of LifeNet of Michigan (AMC):

### INTRODUCTION

1.    This action arises under the state overtime laws of Illinois, Michigan and New Mexico that provide certain protections to employees for, *inter alia,* ensuring proper payment of wages.

### PARTIES

2.    Plaintiff Wagner was employed in Michigan by AMC as a Flight Paramedic from approximately 2006 until 2016.

3.      Plaintiff Brzezinski was employed in Michigan by AMC as a Flight Nurse and/or a Clinical Nurse Manager from approximately 2005 until 2015.

4.      Plaintiff DeBrosse was employed in Michigan by AMC as a Flight Paramedic from approximately 2008 until 2017.

5.      Plaintiff Glazier was employed in Michigan by AMC as a Flight Paramedic from approximately 2011 until 2016.

6.      Plaintiff Howe was employed in Michigan by AMC as a Flight Nurse from approximately 2006 until 2014.

7.      Plaintiff Moffit was employed in Michigan by AMC as a Flight Nurse from approximately 2006 until 2016.

8.      Plaintiff Walker was employed in Michigan by AMC as a Flight Nurse from approximately 2006 until 2017.

9.      Plaintiff Nowiski, a resident of Michigan, was employed by AMC as a Flight Nurse from approximately 2014 until 2016.

10.     Plaintiff Stalsburg is currently employed by AMC in Michigan as a Flight Paramedic since approximately 2007.

11.     The aforementioned Plaintiffs are all residents of the State of Michigan.

12.     Plaintiff Grado, a resident of New Mexico, was employed by AMC as a Flight Nurse from approximately 2016 until approximately 2017 in New Mexico.

13.     Plaintiff Ramey, a resident of Pennsylvania, was employed by AMC as a Flight Nurse from approximately 2011 until approximately 2016 in New Mexico.

14.     Plaintiff Repeta, a resident of Nebraska, was employed by AMC as a Flight Paramedic from approximately 2014 until approximately 2017 in New Mexico.

15.     Plaintiff Stephanie Pauley, a resident of Missouri, was employed in Illinois by AMC as a Flight Paramedic from approximately July 20, 2018 until approximately May 20, 2019.

16.     AMC is a Colorado corporation duly authorized to conduct business within the states of Illinois, Michigan and New Mexico.

17.     AMC provides air medical services in every state within the United States.

18.     During relevant times herein, the plaintiffs and others were employed by AMC.

### JURISDICTION

19.     Plaintiffs bring this complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

### BACKGROUND FACTS
### RELEVANT TO ALL COUNTS

20.     This is a representative action brought by Plaintiffs on behalf of themselves and other similarly situated employee as follows:[1]

Any non-exempt employees who are or were employed by AMC in Michigan, New Mexico and/or Illinois as flight nurses and flight paramedics during the relevant state timeframes until the time of trial.

21.     Plaintiffs and other similarly situated employees who were employed by AMC were not properly compensated for overtime hours worked in violation of relevant laws, including 820 Illinois Complied Statutes 105/4a; Michigan Complied Laws Annotated § 408.414a; and the New Mexico Minimum Wage Act, NMSA 1978, § 50-4-19 *et seq.* (2015).

22.     The defendant, AMC, operates an air medical transport service providing services in every state inside the United States of America, at over three hundred (300) locations, and subject to various state overtime laws as recited above.

23.     AMC employs flight paramedics and flight nurses at each of their locations.

24.     Flight paramedics and flight nurses are required to routinely work more than forty (40) hours per week for AMC.

---

[1] A civil action asserting a putative class action for each of these states was filed on March 22, 2017. *See Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863 (E.D. Ky. Oct. 23, 2017). Pursuant to *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983), the statute of limitations was tolled upon the filing of that Complaint.

25.     Flight paramedics and flight nurses are not compensated at one- and one-half times their regular rate for **all** hours worked over forty (40) in a week.

26.     AMC had a nationwide policy which provided that if a flight paramedic or flight nurse received at least five hours of uninterrupted sleep, it excluded an eight-hour sleep period from the overtime calculation.

<h3 style="text-align:center">REPRESENTATIVE ACTION ALLEGATIONS</h3>

27.     Plaintiffs bring this action as a representative action on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by AMC as described above pursuant to Fed. R. Civ. P. 23.

28.     Plaintiffs and all other Flight Paramedics and Flight Nurses employed by AMC who performed work in Illinois, Michigan and New Mexico are similarly situated employees and positioned in a common manner because, *inter alia,* they were all subjected to the same unlawful pay practice, specifically the denial of overtime pay for work over forty (40) hours per week under Air Methods' "sleep-time" policy.

29.     This lawsuit presents a number of common issues that predominate over and above individual issues, including but not limited to whether the state overtime laws have adopted the FLSA "sleep-time" regulation; whether AMC is a covered employer under state law; whether AMC's sleep-time policy violated state overtime law; whether AMC knew or should have known of the overtime hours worked; whether AMC knowingly received a benefit and whether it was at Plaintiffs' and putative class members' expense; and whether AMC acted with malice, reckless disregard or engaged in willful or wanton misconduct such that punitive damages may be warranted under an unjust enrichment theory.

30.     The situation of the Plaintiffs and putative class members are similar and typical, as they all were subject to the same policy, suffered the same injury and seek the same legal redress.

31.     The named Plaintiffs/Class Representatives are, and remain, ready, willing and able to fulfill their class duties and responsibilities. There are a sufficient number of both named Plaintiffs and putative class members to sustain a Rule 23 action.

32.     Adjudication of this lawsuit on a class-wide basis (or through subclasses) presents a superior method of adjudicating because the claims are susceptible to generalized proof, the case is far more manageable as a class action, the individuals will have no particular incentive to pursue their own claims and there is no competing cases taking place that would impinge upon utilization of the class action mechanism in this Colorado forum.

COUNT ONE:  VIOLATIONS OF STATE WAGE & HOUR LAWS

33.     Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

34.     Laws including 820 Illinois Complied Statutes 105/4a, Michigan Complied Laws Annotated § 408.414a, and the New Mexico Minimum Wage Act, NMSA 1978, § 50-4-22(d), substantially set forth state wage and hours laws intended to protect employees and ensure that they are justly compensated.

35.     Pursuant to those laws identified in Paragraph 34, *supra*, AMC was required to provide compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a week.

36.     AMC failed to provide proper overtime compensation to its employees, ignoring the requirements of the above recited laws.

37.     Plaintiffs and all other similarly situated individuals were not exempt from the overtime requirements imposed by the above cited state overtime laws.[2]

---

[2] *See, e.g., Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863, at *1 (E.D. Ky. Oct. 23, 2017), where the Eastern District of Kentucky held that an air medical ambulance service was required to follow the provisions of Kentucky Wage and Hour Act.

38.     AMC's failure to pay the plaintiffs and putative class members properly for all hours worked over forty (40) in a week, at one-and-one-half times the individual's rate of pay, constitutes a clear violation of the above cited state overtime laws.

39.     Such action constitutes a failure to compensate Plaintiffs and other putative class members for their overtime hours which proximately caused them to suffer economic harm. In New Mexico, in particular, such conduct constituted a continuing course of misconduct for Plaintiffs and others similarly situated.

40.     Pursuant to those laws, Plaintiffs and putative class members are entitled to their overtime pay, interest, liquidated and/or treble damages and any other penalties or payments set forth in each of the three respective overtime statutes of Illinois, Michigan and New Mexico, along with costs and attorney's fees (including eligibility for common fund recovery).

## COUNT TWO:  UNJUST ENRICHMENT

41.     Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

42.     Plaintiffs and all other similarly situated individuals are entitled to correct payment of wages based on the benefit that AMC received from the services that Plaintiffs and others rendered.

43.     AMC has been unjustly enriched by using Plaintiffs' and putative class members' services without providing the required compensation earned by and owed to Plaintiffs.

44.     As a direct and proximate result of AMC's unjust enrichment, Plaintiffs and other putative class members have been damaged, in large part by fraud, in an amount that exceeds the jurisdictional minimum of this court.

**WHEREFORE**, Plaintiffs respectfully request that this court:

A.     Certify this action as a class action under Federal Rule of Civil Procedure 23;

B.     Appoint the undersigned as class counsel;

C.     Enter judgment against AMC, granting Plaintiffs compensatory, liquidated, treble and/or punitive damages to the fullest extent of the law;

D.      Award costs herein expended including an award of reasonable attorney's fees;

E.      Trial by jury; and,

F.      Provide such other legal and equitable relief to which they may be entitled.

Respectfully Submitted,

**ARNOLD & MILLER, PLC**

/s/ Charles W. Arnold, Esq.
Charles W. Arnold, Esq.
Christopher D. Miller, Esq.
401 West Main Street, Suite 303
Lexington, Kentucky 40507
Telephone: 859.381.9999
Facsimile: 859.389.6666
Email: carnold@arnoldmillerlaw.com
Email: cmiller@arnoldmillerlaw.com

and

**COWAN LAW OFFICE, PLC**

J. Robert Cowan, Esq.
Gerry L. Calvert, II, Esq.
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859.523.8883
Facsimile: 859.523.8885
Email: kylaw@cowanlawky.com
Email: gcalvert@cowanlawky.com

and

**MOODY & STANFORD, P.C.**

Christopher M. Moody, Esq.
Repps D. Stanford, Esq.
4169 Montgomery Blvd. NE
Albuquerque, NM  87109
Telephone:  505-944-0033
Facsimile:  505-944-0034
Email: moody@nmlaborlaw.com
Email: stanford@nmlaborlaw.com

*CO-COUNSEL FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed and served upon all counsel of record through the Court's Case Management and Electronic Case Filing (CM/ECF) system on this 30th day of October 2019.

By: /s/ *2019.10.30 by RDS*
      Repps D. Stanford