**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00484-RBJ-SKC

TOM WAGNER, SUSAN BRZEZINSKI, MATTHEW DEBROSSE,
JOHN GLAZIER, JAMES HOWE, KEVIN MOFFIT, LAURA WALKER,
DANIELLE NOWISKI, GENE STALSBERG, KRISTEN GRADO,
GEORGE RAMEY, NIKOLAS REPETA, and STEPHANIE PAULEY,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

AIR METHODS CORPORATION, a Colorado Corporation,

      Defendant.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b), Defendant Air Methods Corporation ("Defendant" or "AMC"), by and through its counsel, Fisher & Phillips LLP, moves to dismiss Plaintiffs Susan Brzezinski and James Howe's wage-and-hour claim under Michigan law and Plaintiffs' unjust enrichment claim. As grounds for its Motion, Defendant states as follows:

**I.    BACKGROUND**

**A.  *Day* Litigation.**

AMC is a national provider of emergency air medical transport to patients with life-threatening injuries and illnesses. On March 22, 2017, eight former AMC employees ("*Day* Plaintiffs") filed a class action in Kentucky state court against AMC ("*Day* Litigation"). (Exhibit

1.)[1]  Among other claims, the *Day* Plaintiffs alleged, on behalf of similarly-situated current and former employees, that AMC failed to pay overtime in violation of various state wage-and-hour laws. (*Id.*)  On April 20, 2017, AMC removed the action to the United States District Court for the Eastern District of Kentucky. (*Id.*)

In August and September of 2018, Plaintiffs in the instant case—except for Danielle Nowiski, Gene Stalsberg, and Stephanie Pauley—moved to intervene as named plaintiffs and class representatives in the *Day* Litigation. (Exhibit 2.)  On November 19, 2018, the Court denied Plaintiffs' motions for permissive intervention because, with respect to the Plaintiffs, the court did not have personal jurisdiction over AMC under Kentucky's long-arm statute.[2]  (Exhibit 3.)  The parties in the *Day* case ultimately agreed to a class action settlement agreement—wherein the definition for "Class Members" was limited to current and former AMC employees in Kentucky—before the court ruled on the *Day* Plaintiffs' motion for class certification. (Exhibit 4.)

On February 19, 2019—three months after their motions to intervene in the *Day* case were denied—Plaintiffs filed the instant lawsuit purportedly on behalf of themselves and all others similarly situated. (Doc. # 1.)  On April 26, 2019, Plaintiffs filed an Amended Complaint in which they added five new named Plaintiffs. (Doc. # 19.)  On October 30, 2019, Plaintiffs filed a Second

---

[1] The Court may take judicial notice of certain public records, including filings in other courts both within and outside of the federal judicial system, without converting the motion to dismiss into one for summary judgment. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011) (taking judicial notice of documents in a separate district court case under Federal Rule of Evidence 201); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.2 (10th Cir. 2006) ("facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment").

[2] The Court stated: "In short, Intervening Plaintiffs are non-residents seeking to sue a non-resident Defendant based upon alleged conduct committed by Defendants outside of Kentucky that violates the laws of other jurisdictions." (Exhibit 3.)

Amended Complaint in which they added one new named Plaintiff and limited their wage-and-hour claim to only Michigan, New Mexico, and Illinois.  (Doc. # 56.)

B. **Plaintiffs' allegations.**[3]

AMC is a Colorado corporation that provides air medical services in every state within the United States.  (Doc. # 56 at ¶¶ 16–17.)  AMC employed all Plaintiffs as Flight Paramedics or Flight Nurses:[4]

- AMC has employed Plaintiff Stalsberg since approximately 2007.
- AMC employed Plaintiff Pauley from approximately 2018 until 2019.
- AMC employed Plaintiff Walker from approximately 2006 until 2017.
- AMC employed Plaintiff DeBrosse from approximately 2008 until 2017.
- AMC employed Plaintiff Repeta from approximately 2014 until 2017.
- AMC employed Plaintiff Grado from approximately 2016 until 2017.
- AMC employed Plaintiff Ramey from approximately 2011 until 2016.
- AMC employed Plaintiff Moffit from approximately 2006 until 2016.
- AMC employed Plaintiff Wagner from approximately 2006 until 2016.
- AMC employed Plaintiff Glazier from approximately 2011 until 2016.
- AMC employed Plaintiff Nowiski from approximately 2014 until 2016.
- AMC employed Plaintiff Brzezinski from approximately 2005 until 2015.
- AMC employed Plaintiff Howe from approximately 2006 until 2014.

---

[3] In filing this motion, Defendant does not admit the allegations in Plaintiffs' Second Amended Complaint, but accepts them as true for the purposes of the motion, as it is required to do.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[4] Plaintiff Brzezinski was employed as a "Flight Nurse and/or Clinical Nurse Manager." (Doc. # 56 at ¶ 3.)

3

(*Id.* at ¶¶ 2–10; 12–15.)  AMC employs Plaintiff Stalsberg and employed Plaintiffs Wagner, Brzezinski, DeBrosse, Glazier, Howe, Moffit, Walker, and Nowiski in Michigan, and they are all "residents of the State of Michigan."  (collectively, "Michigan Plaintiffs") (*Id.* at ¶¶ 2–11.)  AMC employed Plaintiffs Grado, Ramey, and Repeta in New Mexico.  (*Id.* at ¶¶ 12–14.)  Plaintiff Grado is a resident of New Mexico; Plaintiff Ramey is a resident of Pennsylvania; and Plaintiff Repeta is a resident of Nebraska.  (collectively, "New Mexico Plaintiffs") (*Id.*)  AMC employed Plaintiff Pauley, a resident of Missouri, in Illinois.  (*Id.* at ¶ 15.)

Plaintiffs brought their complaint under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (*Id.* at ¶ 19.)  Plaintiffs filed the action on behalf of themselves and other similarly-situated current and former AMC employees as follows:

> Any non-exempt employees who are or were employed by AMC in Michigan, New Mexico, and/or Illinois as flight nurses and flight paramedics during the relevant state timeframes until the time of trial.

(*Id.* at ¶¶ 20; 27.)  Plaintiffs claim that AMC did not properly compensate them and other similarly-situated Flight Paramedics and Flight Nurses for overtime hours worked in violation of relevant laws, including 820 Illinois Compiled Statutes 105/4a; Michigan Compiled Laws Annotated § 408.414a; and New Mexico Statute § 50-4-22(D).  (*Id.* at ¶¶ 21.)  Plaintiffs also claim that AMC was unjustly enriched. (*Id.* at ¶¶ 41–44.)

## II.  STANDARD OF REVIEW

A motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).

### III.  ARGUMENT

**A.  Plaintiffs Brzezinski and Howe's Michigan Wage-and-Hour Claim is Time Barred.**

The Michigan wage-and-hour claim filed by Susan Brzezinski and James Howe is time barred and, thus, must be dismissed.  Pursuant to Michigan's wage act, a civil action must be filed within three years of the alleged violation.  Mich. Comp. Laws § 408.419(1).  Here, Plaintiff Brzezinski terminated her employment with AMC in 2015, and Plaintiff Howe terminated his employment with AMC in 2014.  (Doc. # 56 at ¶¶ 3; 6.)  On February 19, 2019, Plaintiffs filed their Complaint on behalf of themselves and other similarly-situated current and former AMC employees, alleging state wage claims under federal diversity jurisdiction.  (Doc. # 1; Doc. # 56 at ¶¶ 19; 27–44.)  Because Plaintiffs Brzezinski and Howe did not file their Michigan wage-and-hour claim within three years of their last day of employment at AMC, the claim is time barred and must be dismissed.[5]

In their Complaint, Plaintiffs asserted that pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the statute of limitations was tolled upon the filing of the Complaint in the *Day* Litigation on March 22, 2017.  (*Id.* at ¶ 20, n.1.)  "*American Pipe*, *Eisen* [417 U.S. 156 (1974)], and *Crown* all address the question of whether a litigant may intervene or file **an individual suit** after the class certification decision."  *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1230 (10th

---

[5] Plaintiffs' proposed class should be limited to the timeframe from February 19, 2016 until the time of trial. All alleged claims arising under Michigan, New Mexico, or Illinois' wage-and-hour law before February 19, 2016 are time barred.

Cir. 2008) (emphasis added).  Here, unlike *American Pipe* and *Crown*, Plaintiffs filed a new class action.  Plaintiffs' argument is specious; *American Pipe* does not allow a putative class member to file a **new class action** after the statute of limitations expired.

### 1.  Michigan Law Applies.

Because this is a diversity action, the Court must apply Michigan law for statute of limitations purposes.  *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) ("A federal court sitting in diversity applies state law for statute of limitations purposes.").  The Court must also follow Michigan's tolling rules.  *See Boellstorff*, 540 F.3d at 1228.

Pursuant to Michigan's wage act, a civil action must be filed within three years of the alleged violation.  Mich. Comp. Laws § 408.419(1).  Michigan has adopted *American Pipe*'s tolling rule.  *Cowles v. Bank W.*, 719 N.W.2d 94, 103 (Mich. 2006) ("MCR 3.501(F) was modeled after the United States Supreme Court's decision in *American Pipe*.").  MCR 3.501(F)(1) states: "The statute of limitations is tolled as to all persons within the class described in the complaint on the commencement of an action asserting a class action."  Consistent with *American Pipe*, the Michigan Supreme Court has held that the filing of a class-action complaint tolls the period of limitations under MCR 3.501(F) for a putative class member to file a subsequent **individual claim**.  *Cowles*, 719 N.W.2d at 96, 114.

However, neither the Michigan Supreme Court nor any Michigan appellate court has analyzed whether a putative class member may file a **new class action** after the statute of limitations expired.  Thus, the Court may rely on federal cases interpreting *American Pipe* to determine whether the *American Pipe* tolling rule applies to putative class members filing a new class action.  *See Boellstorff*, 540 F.3d at 1228 (relying on federal cases when "neither the Colorado

6

Supreme Court nor any Colorado appellate court has spoken to the instant issue"). The Supreme Court has opined on this exact issue.

### 2. *China Agritech* rules that time to file a class action falls outside the bounds of *American Pipe*.

In *China Agritech, Inc. v. Resh*, the Supreme Court opined that *American Pipe* does not allow a putative class member to file **a new class action** after the statute of limitations expired. 138 S. Ct. 1800, 1811 (2018) (emphasis added) ("Time to file a class action falls outside the bounds of *American Pipe*."). The Supreme Court stated that the *American Pipe* tolling rule has limits:

> *American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails. But *American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations.

*Id.* at 1804. The Supreme Court explained that "[t]he 'efficiency and economy of litigation' that support tolling of individual claims, *American Pipe*, 414 U.S. at 553, 94 S. Ct. 756, do not support maintenance of untimely successive class actions." *Id.* at 1806. The Supreme Court recognized that if the limitations period for subsequent class claims was also tolled, the time for filing class suits "could be limitless." *Id.* at 1809. Thus, it held that "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* at 1806. *China Agritech* is applicable in situations like this one where class certification was never decided in the *Day* class action. *See e.g.*, *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*, No. 14-cv-2032, 2018 WL 3659349, at *4 (N.D. Ill. Aug. 2, 2018) (explaining that in *China Agritech*, "the Supreme Court repeatedly stated its holding in clear terms that were in no way qualified based on how the prior class action lawsuit was resolved.").

### 3. Plaintiffs Brzezinski and Howe's Michigan wage-and-hour claim is not subject to tolling.

With respect to the instant case, Michigan would likely concur with the Supreme Court's ruling in *China Agritech*. "Michigan's requirements for class certification are nearly identical to the federal requirements." *Henry v. Dow Chem. Co.*, 772 N.W.2 301, 309 (Mich. 2009). Similarly, Michigan has adopted *American Pipe*'s tolling rule. In *Cowles*, the Michigan Supreme Court opined that allowing tolling of **individual claims** "is consistent with *American Pipe* and its progeny." *Id.* at 110. While the primary purpose underlying the Michigan Supreme Court's holding in *Cowles* was "judicial economy," *Cowles*, 719 N.W.2d at 110, the court cautioned that "improper 'piggybacking' [of class-action claims] and 'abuse'" would not further "judicial economy and the class mechanism." *Id.* The court stated that it was not "prepared to hold that class-action tolling may never apply to subsequent class claims" because it was concerned that "such a rule would unduly burden the goal of judicial economy and, thus, circumvent the class-action mechanism." *Id.*

Here, Plaintiffs Brzezinski and Howe are attempting to piggyback on the earlier, timely-filed *Day* class action after the statute of limitations expired on their Michigan wage-and-hour claim. Moreover, the court's concern with judicial economy does not apply to Plaintiffs Brzezinski and Howe because they initially attempted to bring their claims in the wrong venue. (Exhibit 3.) To the extent a plaintiff "could file claims in multiple jurisdictions, plaintiffs are often tasked with deciding between multiple jurisdictions when bringing claims." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 611 (3d Cir. 2018). "Where a plaintiff can bring multiple putative class claims simultaneously, efficiency interests and judicial comity actually support the plaintiff's filing all claims as soon as possible." *Id.* (citing *China Agritech*, 138 S.Ct. at 1811). Had Plaintiffs

8

Brzezinski and Howe filed their claims in the proper venue, their claims would not be time-barred. Judicial economy would not be advanced by allowing Plaintiffs Brzezinski and Howe to rely on the *Day* Complaint to toll the statute of limitations on their Michigan wage-and-hour claim. *See China Agritech*, 138 S. Ct. at 1811 ("Multiple timely filings might not line up neatly . . . But district courts have ample tools at their disposal to manage the suits, including the ability to stay, consolidate, or transfer proceedings.").

Accordingly, Plaintiffs Brzezinski and Howe's Michigan wage-and-hour claim is not subject to tolling, is untimely, and must be dismissed.

## B. Plaintiffs' unjust enrichment claim must be dismissed because it is duplicative of Plaintiffs' wage-and-hour claim.

Plaintiffs' unjust enrichment claim must be dismissed because it seeks identical relief and covers the same subject matter as Plaintiffs' wage-and-hour claim.

### 1. Michigan, New Mexico, and Illinois law applies.

"A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state." *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999). Colorado courts follow the "most significant relationship" approach. *Smith v. Marten Transp., Ltd.*, No. 10-cv-00293, 2012 WL 1247207, at *1 (D. Colo. Apr. 13, 2012). In determining which state has the most significant relationship to an issue in an unjust enrichment claim, the court considers the following factors:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship, (b) the place where the benefit or enrichment was received, (c) the place where the act conferring the benefit or enrichment was done, (d) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties, and (e) the place where a physical thing, such as land or chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.

*Barnett v. Surefire Med., Inc.*, 342 F. Supp. 3d 1167, 1174 (D. Colo. 2018).

Here, the relationship between the Michigan Plaintiffs and AMC was centered in Michigan. (Doc. # 56 at ¶¶ 2–11.)  The relationship between the New Mexico Plaintiffs and AMC was centered in New Mexico.  (*Id.* at ¶ 12–14.)  The relationship between Plaintiff Pauley and AMC was centered in Illinois.  (*Id.* at ¶ 15.)  Plaintiffs allege that AMC received the benefit (*i.e.*, "using Plaintiffs' services") and that they conferred the benefit to AMC in Michigan, New Mexico, and Illinois.  (*Id.* at ¶¶ 2–15; 42.)  The Michigan Plaintiffs all live in Michigan.  (*Id.* at ¶ 11.)  The New Mexico Plaintiffs live in New Mexico, Pennsylvania, or Nebraska.  (*Id.* at ¶¶ 12–14.)  Plaintiff Pauley lives in Missouri.  (*Id.* at ¶ 15.)  AMC is a Colorado corporation.  (*Id.* at ¶ 16.)  The place that is substantially related to the alleged enrichment is AMC's Michigan, New Mexico, and Illinois locations where Plaintiffs provided services without allegedly receiving proper compensation.  (*Id.* at ¶¶ 2–15.)  In short, the several factors point to the application of Michigan, New Mexico, and Illinois law in this case.

### 2. Michigan, New Mexico, and Illinois law require dismissal of Plaintiffs' Unjust Enrichment claim.

Under Michigan, New Mexico, and Illinois law, unjust enrichment is defined as the (1) receipt of a benefit by AMC from the Plaintiffs and (2) an inequity resulting to the Plaintiffs because of the retention of the benefit by AMC.  *Pacheco v. Boar's Head Provisions Co.*, No. 09-cv-298, 2010 WL 1323785, at *4 (W.D. Mich. Mar. 30, 2010); *Armijo v. FedEx Ground Package Sys., Inc.*, 285 F. Supp. 3d 1209, 1217 (D.N.M. 2018); *IPOX Schuster, LLC v. Nikko Asset Mgmt. Co.*, 304 F. Supp. 3d 746, 771 (N.D. Ill. 2018).  "Although Michigan cases do not explicitly list the 'nonexistence of any other remedy at law' as an element of an unjust enrichment claim,

10

Michigan cases have consistently held that '[e]quity will not take jurisdiction where there is a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within its jurisdiction.'" *Pacheco*, 2010 WL 1323785, at *4. A right to bring alternative theories of recovery is "not a sufficient basis for bringing an independent action for equitable relief." *Id.* at *5. Similarly, New Mexico and Illinois recognize that "equity will not act if there is a complete and adequate remedy at law." *Sims v. Sims*, 930 P.2d 153, 159 (N.M. 1996); *see also Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. App. Ct. 2004) ("unjust enrichment is only available when there is no adequate remedy at law").

Here, Plaintiffs' wage-and-hour and unjust enrichment claims are based on the same alleged failure of AMC to pay Plaintiffs compensation owed to them. (Doc. # 56 at ¶¶ 36; 42.) In both claims, Plaintiffs seek identical relief: the correct payment of wages. (*Id.* at ¶¶ 40; 42.) Plaintiffs have a full, complete, and adequate remedy at law under Michigan, New Mexico, and Illinois' wage acts. *See* Mich. Comp. Laws §§ 408.411–424; N.M. Stat. § 50-4-26; 820 Ill. Comp. Stat. 105/4. There is no feature of this case that is peculiarly within the province of a court of equity.

Accordingly, Plaintiffs' unjust enrichment claim must be dismissed. *See Romeo Inv. Ltd. v. Mich. Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *9 (Mich. Ct. App. May 1, 2007) ("When a plaintiff has set forth both legal and equitable claims seeking identical relief and covering the same subject matter, the proper course is generally dismissal of the equitable claim."); *Gen. Tel. Co. v. State Tax Comm'n*, 367 P.2d 711, 715 (N.M. 1962) (finding that "[t]he general equity jurisdiction of the trial court is not available . . . because appellee in fact had an adequate remedy at law"); *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E.2d 1065, 1071 (Ill.

11

App. Ct. 1995) (finding plaintiff could not recover under unjust enrichment because the sole remedy that plaintiff may have against defendants was under plaintiff's legal claim).

## IV.    CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss Plaintiffs Susan Brzezinski and James Howe's wage-and-hour claim arising under Michigan law and Plaintiffs' unjust enrichment claim.

Respectfully submitted this 13th day of November, 2019.

**FISHER & PHILLIPS LLP**

*s/ LaLonnie Gray*
Darin Mackender
LaLonnie Gray
1801 California Street, Suite 2700
Denver, CO 80202
Telephone: 303-218-3650
Facsimile: 303-218-3651
dmackender@fisherphillips.com
lgray@fisherphillips.com

Lonnie Giamela
444 South Flower Street, Suite 1500
Los Angeles, CA 90071
Telephone: 213-330-4500
Fax: 213-330-4501
LGiamela@fisherphillips.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on this 13th day of November, 2019, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** was served via ECF on the following:

J. Robert Cowan
COWAN LAW OFFICE, PLC
2401 Regency Road, Suite 300
Lexington, KY 40503
Phone:  859-523-8883
Fax:  859-523-8885
Email:  kylaw@cowanlawky.com

| | |
|---|---|
| Charles W. Arnold | Christopher M. Moody |
| Christopher D. Miller | Repps D. Stanford |
| ARNOLD & MILLER, PLC | MOODY & STANFORD, P.C. |
| 401 West Main Street, Suite 303 | 4169 Montgomery Blvd. NE |
| Lexington, KY 40507 | Albuquerque, NM 87109 |
| Phone:  859-381-9999 | Phone:  505-944-0033 |
| Fax:  859-381-6666 | Fax:  505-944-0034 |
| Email:  carnold@arnoldmillerlaw.com | Email:  moody@nmlaborlaw.com |
| Email:  cmiller@arnoldmillerlaw.com | Email:  stanford@nmlaborlaw.com |

                                           */s/ Layne Gudenkauf*
                                           Layne Gudenkauf