**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00484-RBJ-SKC

TOM WAGNER, et. al.

      Plaintiffs,

v.

AIR METHODS CORPORATION, a Colorado Corporation,

      Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

---

Defendant submits the following reply in support of its motion to dismiss:

**A.    Plaintiffs Brzezinski and Howe's Michigan Wage-and-Hour Claim is Time Barred.**

It is undisputed that, absent tolling, Brzezinski and Howe's Michigan wage-and-hour claim is time barred and must be dismissed. (Docs. ## 58 at 5; 63 at 7–8.) Plaintiffs argue that the claim is not time-barred for three reasons: (1) MCR 3.501(F) "clearly affords both Plaintiffs tolling"; (2) *Cowles* supports tolling; and (3) *China Agritech* does not apply. (Doc. # 63 at 4–7.) Plaintiffs contend that MCR 3.501(F) and *Cowles* entitle Brzezinski and Howe to "full tolling based on the filing date of the *Day* complaint." (Doc. # 63 at 4–6.) Plaintiffs' reliance on MCR 3.501(F) and *Cowles* is misplaced. In *Cowles*, plaintiff Kristine Cowles filed a class-action complaint against defendant on July 1, 1998. *Cowles v. Bank W.*, 719 N.W.2d 94, 97 (Mich. 2006). On August 20, 1998, Ms. Cowles amended her complaint to add a claim under the Truth in Lending Act (TILA). *Id.* The trial court granted defendant's motion for summary disposition on Ms. Cowles' TILA

claim.  *Id.*  On February 16, 1999, Ms. Cowles filed a second amended complaint asserting "a different TILA violation."  *Id.*  The trial court certified the class as described in Ms. Cowles' second amended complaint.  *Id.*  Defendant moved for reconsideration of the court's decision to certify the class as described in Ms. Cowles' second amended complaint.  *Id.*

After defendant filed its motion for reconsideration, putative class member Karen Paxson filed a motion to intervene in Ms. Cowles' class action to assert a TILA claim, which the trial court granted.  *Id.* at 99.  The trial court granted defendant's motion for summary disposition on Ms. Cowles' TILA claim, "reasoning that Cowles's [TILA] claim was time-barred."  *Id.*  The trial court also found Ms. Paxson's TILA claim time barred.  *Id.*  "The trial court concluded that Paxson's claim was not tolled from the time Cowles filed the initial class-action complaint."  *Id.*  Ms. Paxon appealed.  *Id.*

The Michigan Court of Appeals held that the trial court improperly dismissed Ms. Paxson's TILA claim on statute of limitations grounds.  *Id.*  "The Court of Appeals reasoned that under MCR 3.501(F), the period of limitations for Paxson's TILA claim was tolled by the filing of [Ms. Cowles'] initial complaint."  *Id.*  Defendant appealed.  *Id.* at 101.  The Michigan Supreme Court considered "whether the filing of a class-action complaint tolls the period of limitations under MCR 3.501(F) for a putative class member's claim when that claim was not pleaded in the initial class-action complaint but arose out of the same factual and legal nexus."  *Id.* at 96.  The Michigan Supreme Court held "that the filing of [Ms. Cowles' initial] complaint is sufficient to toll the period of limitations [of Ms. Paxson's TILA claim in the same class action] as long as the defendant has notice of both the claim being brought and the number and generic identities of the potential plaintiffs."  *Id.*

2

*Cowles* does not support Plaintiffs' claim that the statute of limitations was tolled upon the filing of the Complaint in the *Day* Litigation.[1]  First, the instant case is a **new class action** unrelated to the *Day* Litigation.  (Doc. # 58 at 1–4.)  Next, *Cowles* relied on MCR 3.501(F)(1), which was modeled after *American Pipe*.  *American Pipe* does not allow a putative class member to file a **new class action** after the statute of limitations expired.  (*Id.* at 6–7.)  Finally, Michigan would likely concur with the Supreme Court's ruling in *China Agritech*.  (*Id.* at 8–9.)  Neither *Cowles* nor MCR 3.501(F) allow a putative class member to file a **new class action** after the statute of limitations expired.  (*Id.* at 5–9.)

Further, Plaintiffs' attempt to distinguish this case from *China Agritech* fails.  The Supreme Court's "broad" ruling in *China Agritech* created a "blanket no-tolling-of-class-claims-ever rule." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1814 (2018) (Sotomayor, J., concurring) (advocating for "a more tailored approach"—rather than the majority's "blanket no-tolling-of-class-claims-ever rule"—under which "tolling only becomes unavailable for future class claims where class certification is denied for a reason that bears on the suitability of the claims for class treatment").[2] Contrary to Plaintiffs' argument that tolling is applicable "because Rule 23 class certification was never denied on the merits in the *Day* lawsuit" (doc. # 63 at 7), *China Agritech* is applicable.  *See e.g.*, *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*, No. 14-cv-2032, 2018 WL 3659349, at *4 (N.D. Ill. Aug. 2, 2018) (explaining that in *China Agritech*, "the Supreme Court

---

[1] Plaintiffs' attempt to argue that Brzezinski and Howe's individual claims are not subject to dismissal is unavailing.  There is no *genuine* dispute that Brzezinski and Howe seek to represent a class.  Indeed, they joined the other named Plaintiffs in filing a Motion for Class Certification.  (Doc. # 51.)

[2] Plaintiffs' reliance on *Yang v. Odom*, 392 F.3d 97, 99 (3d Cir. 2004), doc. # 63 at 7, fn.2, is misplaced. *China Agritech* abrogated *Yang*.

3

repeatedly stated its holding in clear terms that were in no way qualified based on how the prior class action lawsuit was resolved."). (Doc. # 58 at 7.) Plaintiffs fail to present any case law to establish that *China Agritech* is inapplicable.

### B.   Plaintiffs' Unjust Enrichment Claim Must be Dismissed.

Plaintiffs assert that their unjust enrichment claim should not be dismissed because Federal Rule of Civil Procedure 8 permits pleading in the alternative. (Doc. # 63 at 8–9). But, "merely assert[ing] their right to bring alternative theories of recovery . . . is not a sufficient basis for bringing an independent action for equitable relief." *Pacheco v. Boar's Head Provisions Co.*, No. 09-cv-298, 2010 WL 1323785, at *5 (W.D. Mich. Mar. 30, 2010) (dismissing plaintiffs' unjust enrichment claim when plaintiffs had a "full, complete, and adequate remedy at law under the FLSA"). (Doc. # 58 at 10–11.) Next, Plaintiffs argue that courts "routinely" dismiss "alternatively pled unjust enrichment claims" when breach of contract claims are involved. Here, Michigan, New Mexico, and Illinois law require dismissal of Plaintiffs' unjust enrichment claim because Plaintiffs have a full, complete, and adequate remedy at law under Michigan, New Mexico, and Illinois' wage acts. (Doc. # 58 at 11.) Finally, Plaintiffs attempt to evade dismissal of their unjust enrichment claim by relying on caselaw from the District of Colorado. Here, the Court must apply Michigan, New Mexico, and Illinois law. (Doc. # 58 at 9–10.) Plaintiffs fail to present any case law from Michigan, New Mexico, or Illinois to establish that an equitable claim may survive when there is an adequate remedy at law. The caselaw Plaintiffs cite is distinguishable.[3]

---

[3] *Menocal v. GEO Grp., Inc.*, 113 F. Supp. 3d 1125, 1133 (D. Colo. 2015) (denying motion to dismiss plaintiffs' unjust enrichment claim because plaintiffs' Colorado Minimum Wage Claim was "dismissed and not available"); *Edwards v. ZeniMax Media Inc.*, No. 12-cv-00411, 2013 WL 5420933, at *10 (D. Colo. Sept. 27, 2013) (denying motion to dismiss plaintiff's unjust enrichment claim because "the damages sought are different" from plaintiff's Colorado Consumer Protection Act claim); *Bolsa Res., Inc. v. AGC Res., Inc.*,

For the foregoing reasons, and for the reasons stated in the Motion, Defendant respectfully requests that the Court grant its Motion.

Dated this 18th day of December, 2019.

**FISHER & PHILLIPS LLP**

/s/ LaLonnie Gray
Darin Mackender
LaLonnie Gray
Fisher & Phillips LLP
1801 California Street, Suite 2700
Denver, CO 80202
Phone:  303.218.3650
Fax:  303.218.3651
dmackender@fisherphillips.com
lgray@fisherphillips.com

Lonnie Giamela
Fisher & Phillips LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Phone: 213.330.4454
Fax: 213.330.4501
lgiamela@fisherphillips.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 18th day of December, 2019, a true and correct copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** was served via ECF on all counsel of record.

*s/ Layne Gudenkauf*
Layne Gudenkauf

---

No. 11-cv-01293, 2011 WL 6370409, at *4 (D. Colo. Dec. 20, 2011) (denying motion to dismiss plaintiffs' unjust enrichment claim, rejecting defendants' argument that "there are insufficient allegations that [plaintiffs] received or retained a benefit from the transactions at issue").