UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
1:19-cv-00484-RBJ-SKC

*FILED ELECTRONICALLY*

TOM WAGNER *et al.*                                                                 PLAINTIFFS

v.

AIR METHODS CORPORATION, a Colorado Corporation                   DEFENDANT

_____

PLAINTIFFS' UNOPPOSED MOTION FOR
AN ORDER REDEFINING THE CLASS AND
FOR PRELIMINARY APPROVAL OF
AMENDED CLASS ACTION SETTLEMENT
_____

The Plaintiffs submit this unopposed Motion to redefine the class and for preliminary approval of the amended class action settlement.

On August 16, 2021, Plaintiffs filed an unopposed Motion for preliminary approval of a settlement for this class action. (Doc. # 127). That Motion was granted by the Court on August 17, 2021, (Doc. #128 - Docket Entry Order), and the parties began taking the required next steps to administer the settlement. As AMC assembled the information necessary to provide to the settlement administrator, confusion arose surrounding members of the class who had not previously opted out, but who would receive nothing under the approved settlement because they either had not worked overtime during the class period, or they had already been properly compensated for any overtime worked.

The Court initially granted certification of a class defined to include "*All persons employed by AMC as flight paramedics or flight nurses in [Michigan] [New Mexico] [Illinois] from February 19, 2016 to the present.*" (Doc. # 92; Filed December

29, 2020; Page 10). As of the filing of the Motion for Class Certification, information provided by AMC reflected a total of 634 employees in such a class. However, when AMC provided information to the Class Administrator for the mailing of required Notices, it was discovered that 668 employees might be included in such a class; therefore, 668 Notices were mailed. Thereafter, 34 employees who received Notices opted out, leaving 634 employees in the designated class. The parties have recently agreed, after an exhaustive analysis of all relevant records, that only 519 of those employees are owed overtime during the Class Period, and thus entitled to participate in the settlement.[1] This is because there are 115 employees who met the definition of the Class as certified, and who did not opt out, but also either did not work any overtime during the Class Period, or were already compensated for any overtime worked.

      The parties cooperated to discern the identities of such class members, and executed an Amended Settlement Agreement, attached hereto as Exhibit 1 (together with an Amended Notice, Payout Sheet, and Opt-Out Form, attached as Exhibits A-1 through A-3 to the Amended Settlement Agreement). In order to avoid confusion by any class members who have previously received a Notice in this matter but who are not entitled to receive any payment under the settlement, and to prevent any such employee from being subject to a release to AMC by virtue of the settlement, the parties believe it best for the Court to enter an Order redefining the Class to include only *those persons employed by AMC as flight paramedics or flight nurses in [Michigan] [New Mexico] [Illinois] from February 19, 2016 to December 29, 2020,*

---

[1] As previously reflected on the Payout Sheet attached as Exhibit A-1 to the Settlement Agreement previously filed with the Court as an exhibit to Doc. # 127.

*and who are/were part of the certified class and who worked overtime during the Class Period and were not properly compensated for such overtime.*[2] Accordingly, the parties also seek an Order granting preliminary approval to the Amended Settlement Agreement.

None of the terms of the agreement between the parties have been altered by the Amended Settlement Agreement. The amount of the settlement, the total payments to Class Members, the amount of attorney's fees and costs being sought, and each individual payment to a Class Member previously reflected on the Payout Sheet (Exhibit A-1 to the Settlement Agreement previously filed with the Court as an exhibit to Doc. # 127) all remain the same. The parties only seek an Order redefining the class as set out above, and preliminarily approving the Amended Settlement Agreement, to avoid any confusion on the part of those persons who were Class Members under the Court's current Order on Certification but who are not entitled to receive any payment under the settlement. Plaintiffs incorporate by reference the arguments made in their previous Motion (Doc. #127), as if the same were set out fully herein.

CONCLUSION:

For the foregoing reasons, Plaintiffs request that this Court enter the proposed Order Redefining the Class, and the proposed Preliminary Approval Order, which, *inter alia*: (1) asserts jurisdiction over the implementation and administration of the Settlement Agreement; (2) approves notice of the Settlement as set forth in the Settlement Agreement as the Settlement falls within the range of reasonableness, and may be

---

[2] Such an Order will have the effect of narrowing the Class down to only those employees who will actually receive a payment by virtue of the settlement.

adjudicated to be fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the CAFA, upon final consideration thereof at the Final Approval Hearing; (3) approves the Individual Settlement Payments listed on the Payout Sheet attached as Exhibit A-1 to the Amended Settlement Agreement; (4) approves, as to form and content, the Settlement Notice, attached as Exhibit A-2 to the Amended Settlement Agreement and authorizes the first-class mailing of a Settlement Notice to all members of the Settlement Class; (5) approves and appoints Rust Consulting as the third-party Settlement Administrator who will administer this Settlement; (6) sets a thirty (30) calendar day deadline (from the date the Settlement Notice is postmarked to members of the Settlement Class) for the execution and return of requests for exclusion and/or objections; and, (7) sets the final approval hearing for a date no earlier than sixty (60) calendar days after preliminary approval is granted by this Court.[3]

                                                Respectfully Submitted,

                                                COWAN LAW OFFICE, PLC

/s/ J. Robert Cowan
J. Robert Cowan, Esq.
2401 Regency Road; Suite 300
Lexington, Kentucky 40503
Telephone: 859-523-8883
Facsimile: 859-523-8885
Email: kylaw@cowanlawky.com

Christopher D. Miller, Esq.
Charles W. Arnold, Esq.
121 Prosperous Place, Suite 6B
Lexington, Kentucky 40509
Telephone: 859-381-9999
Facsimile: 859-389-6666
Email: cmiller@arnoldmillerlaw.com
Email: carnold@arnoldmillerlaw.com

---

[3] AMC provided notification of settlement to appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on August 24, 2021. The parties agreed that this step does not need to be repeated by AMC, which allows for the timeframe for a final hearing to be reduced from 90 days to 60 days from approval.

**AND**

Christopher M. Moody
Repps D. Stanford
MOODY & STANFORD, P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
Telephone: 505-944-0033
Fax: 505-944-0034
Email: moody@nmlaborlaw.com
Email: stanford@nmlaborlaw.com

**CO-COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and served upon all counsel of record through the Court's Case Management and Electronic Case Filing (CM/ECF) system on October 18, 2021.

/s/ J. Robert Cowan
Co-Counsel for Plaintiffs