## AMENDED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to approval by the United States District Court for the District of Colorado, Honorable R. Brooke Jackson, U.S. District Court Judge, presiding, in the civil action styled *Tom Wagner, et al. v. Air Methods Corporation*, Civil Action No. 1:19-cv-00484-RBJ (the "Action"), this Class Action Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiffs Tom Wagner, Susan Brzezinski, Matthew DeBrosse, John Glazier, James Howe, Kevin Moffit, Laura Walker, Danielle Nowiski, Gene Stalsberg, Kristen Grado, George Ramey, Nikolas Repeta, and Stephanie Pauley ("Named Plaintiffs"), on behalf of themselves and the Class Members (as defined herein), and Defendant Air Methods Corporation ("AMC") (together with Named Plaintiffs, the "Parties").

## RECITALS

WHEREAS, on February 19, 2019, Named Plaintiffs filed a civil action against AMC in the United States District Court for the District of Colorado captioned *Tom Wagner, et al. v. Air Methods Corporation*, Case No. 1:19-cv-00484-RBJ wherein Named Plaintiffs' operative complaint alleges the following causes of action: (1) failure to pay overtime in violation of the wage-and-hour laws of Illinois, Michigan, and New Mexico and (2) unjust enrichment;[1]

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as defined herein) between Named Plaintiffs, the Settlement Class, and AMC, including all claims asserted in the Action;

WHEREAS, on December 29, 2020, the Court granted in part AMC's motion to dismiss and dismissed the Named Plaintiffs' unjust enrichment claim and granted the Named Plaintiffs' motion for class certification and certified three overtime classes as follows: All persons employed by AMC as flight paramedics and flight nurses in [Michigan], [New Mexico], and [Illinois] from February 19, 2016 to December 29, 2020 for a total of 634 class members;[2]

WHEREAS, on May 17, 2021, the Court issued an order on the Parties' cross motions for summary judgment wherein the Court granted the Named Plaintiffs' partial motion for summary judgment as the Illinois plaintiffs and denied it as to the New Mexico and Michigan plaintiffs and granted AMC's motion for summary judgment as to the New Mexico and Michigan plaintiffs and denied it as to the Illinois plaintiffs;

---

[1] On February 19, 2019, Named Plaintiffs filed a complaint that alleged that AMC violated the wage-and-hour laws of Colorado, Indiana, Illinois, Maryland, Michigan, and North Carolina.  On April 26, 2019, Named Plaintiffs filed an Amended Complaint in which they added five new named plaintiffs and alleged that, in addition to the six states listed in their initial complaint, AMC also violated New Mexico's wage-and-hour law.  On October 30, 2019, Named Plaintiffs filed a Second Amended Complaint in which they added one new named plaintiff—a flight paramedic who worked in Illinois—and limited their wage-and-hour claim to only Michigan, New Mexico, and Illinois state law.

[2] The Court certified a class of 634 members on December 29, 2020, based on information then available to the parties and the Court. It was subsequently learned, and agreed to between the parties, that the actual total class size was 668. The Class Administrator mailed Notices to all 668 class members on February 19, 2021. A total of 34 class members submitted opt-out forms, ultimately leaving a class size of 634.

WHEREAS, counsel for AMC and the Named Plaintiffs have advised one another of their respective intent to appeal parts of the summary judgment decision adverse to their respective clients;

WHEREAS, AMC denies all of the allegations made by Named Plaintiffs, denies that it failed to pay or owes Named Plaintiffs or the Settlement Class overtime compensation, unpaid wages or liquidated damages, and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Action.  Nonetheless, without admitting or conceding any liability, wrongdoing, or damages whatsoever, AMC has agreed to settle the Action on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of the Action;

WHEREAS, Class Counsel analyzed and evaluated the merits of the claims made against AMC in the Action, conducted interviews with putative class members, obtained and reviewed documents relating to AMC's compensation policies, analyzed time and payroll data, and took depositions of AMC personnel, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Action, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Named Plaintiffs and the Settlement Class;

WHEREAS, nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to this Agreement or the Resolution, is intended by the Parties to constitute, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in this Action or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.  The Parties themselves agree not to introduce, use, or admit this Agreement, directly or indirectly, in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding, as purported evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Agreement may be used in any proceeding before the Court that has as its purpose the interpretation, implementation, or enforcement of this Agreement or any orders or judgments of the Court entered in connection with this Agreement;

WHEREAS, Class Counsel are experienced and qualified, and have performed all necessary services and functions to accomplish the intent of this lawsuit;

WHEREAS, none of the documents produced or created by Named Plaintiffs or the Settlement Class Members in connection with the claims procedures or claims resolution procedures constitute, and they are not intended to constitute, an admission by AMC of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity; and

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and compete settlement of the Action on the following terms and conditions:

## DEFINITIONS

The following terms, as used in this Agreement, both above and below, shall have the meanings ascribed to them in this Definitions section.

1.  **"Action"** means *Tom Wagner, et al. v. Air Methods Corporation*, Civil Action No. 1:19-cv-00484-RBJ, which is currently pending in the United States District Court for the District of Colorado.

2.  **"Administrator"** means Rust Consulting.

3.  **"Agreement"** means this Amended Class Action Settlement Agreement and Release.

4.  **"AMC"** means Defendant, Air Methods Corporation.

5.  **"Class Counsel"** means Charles W. Arnold and Christopher D. Miller of Arnold & Miller, PLC, J. Robert Cowan of Cowan Law Office, PLC, and Christopher M. Moody and Repps Stanford of Moody & Stanford P.C.

6.  **"Class Counsel Fees and Costs"** means attorneys' fees for Class Counsel's litigation and resolution of this Action and expenses and costs incurred by Class Counsel for Class Counsel's litigation and resolution of the Action.

7.  **"Class Information"** means information regarding Class Members that AMC will in good faith compile from its records and provide to the Administrator. Class Information will be provided as a Microsoft Excel spreadsheet and will include each Class Member's: (a) full name; (b) last known home address; (c) employee identification number; (d) the number of overtime hours worked by the Class Member during the Settlement Period; and (e) social security number.

8.  **"Class Members"** means all persons employed by AMC as flight paramedics and flight nurses in Michigan, New Mexico, and Illinois at any time during February 19, 2016 to December 29, 2020, and who are/were part of the certified class in this Action, and who worked any overtime during that period of time for which they have not already been compensated by AMC. The Parties understand that despite summary judgment being entered into against the claims brought by those who worked in New Mexico and Michigan there are Class Members who worked in those states who, nonetheless, will participate in the settlement.

9.    **"Class Representative Enhancement Payments"** means an incentive payment for Named Plaintiffs for their time and effort invested in this Action.

10.    **"Court"** means the United States District Court for the District of Colorado.

11.    **"Defendant"** means Air Methods Corporation.

12.    **"Defense Counsel"** means Lonnie D. Giamela and LaLonnie V. Gray of Fisher & Phillips LLP, 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

13.    **"Effective Date"** means the calendar date after the date in which any appeal rights associated with the Final Approval Order has expired.

14.    **"Fairness Hearing"** means the hearing before the Court relating to the Motion for Final Approval.

15.    **"Final Approval Order"** means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, as more fully described herein in Paragraphs 56-59.

16.    **"Gross Settlement Fund"** means **$ 4,093,000.00**, the maximum amount that AMC has agreed to pay to fully resolve and settle this Action, including any claim for attorneys' fees and costs and class representative enhancement fees approved by the Court and any and all amounts that have already been paid or will be paid to or on behalf of Class Members and Named Plaintiffs for resolution of the class claims. AMC agrees that it will separately pay the Administrator's fees and costs and will not use any portion of the Gross Settlement Fund to do so.

17.    **"Individual Settlement Payment"** means the amount payable from the Net Settlement Fund to each Class Member.

18.    **"Named Plaintiffs"** means Tom Wagner, Susan Brzezinski, Matthew DeBrosse, John Glazier, James Howe, Kevin Moffit, Laura Walker, Danielle Nowiski, Gene Stalsberg, Kristen Grado, George Ramey, Nikolas Repeta, and Stephanie Pauley.

19.    **"Net Settlement Fund"** means the Gross Settlement Fund, less Class Counsel Fees and Costs and Class Representative Enhancement Payments. The Net Settlement Fund shall be divided in three funds:

    a.    **The Illinois Fund.** The Illinois Fund shall be divided and allocated to those Settlement Class members who worked in Illinois on a pro-rata basis based upon the amount of claimed overtime hours worked by the Class Member during the Settlement Period. The Illinois Fund shall be equal to $1,813,685.35.

b.    **The New Mexico Fund.** The New Mexico Fund shall be divided and allocated to those Class Members who worked in New Mexico on a pro-rata basis based on the amount of claimed overtime hours by a Class Member during the Settlement Period.  The New Mexico Fund shall be equal to $865,562.79.

c.    **The Michigan Fund.** The Michigan Fund shall be divided and allocated to those Class Members who worked in Michigan on a pro-rata basis based on the amount of claimed overtime hours by a Class Member during the Settlement Period.  The Michigan Fund shall be equal to $42,586.03.

20.    **"Notice of Objection"** means the notice a Class Member wishing to object to the Settlement must file with the Court and serve on all Parties.

21.    **"Notice of Settlement"** means the Amended Notice of Class Action Settlement to be drafted by Class Counsel and approved by AMC.  Approval of the Amended Notice of Settlement shall not be unreasonable withheld.

22.    **"Notice Packet"** means the Notice of Class Action Settlement and Opt-Out Statement.

23.    **"Opt-Out Statement"** means the Opt-Out Statement form that Class Members must timely complete and submit to the Administrator to be excluded from this Settlement.  The Opt-Out Statement form will be drafted by Class Counsel and approved by AMC.  Approval of the Opt-Out Statement shall not be unreasonably withheld.

24.    **"Parties"** means Named Plaintiffs, on behalf of themselves and the Class Members, and AMC.

25.    **"Preliminary Approval Motion"** means the Motion for Preliminary Approval of the Parties' Settlement as set forth in Paragraph 37 of this Agreement.

26.    **"Preliminary Approval Order"** means the Order described in Paragraph 38 of this Agreement and which when entered by the Court will preliminarily approve the terms and conditions of this Agreement, and direct the manner and timing of providing Notices to the Class Members.

27.    **"Released Claims"** means the release of claims as set forth herein in Paragraphs 35-36.

28.    **"Released Parties"** means AMC, and its past and present subsidiaries, related companies, affiliates, parents, predecessors or successors, assigns, current and former officers, directors, shareholders, employees, attorneys, agents, representatives, accountants, insurers, and re-insurers, heirs and estates.

29. **"Settlement"** means this Amended Class Action Settlement Agreement and Release.

30. **"Settlement Class"** or **"Settlement Class Member"** means all Class Members, as defined herein, who are not validly excluded from this Settlement.

31. **"Settlement Period"** means February 19, 2016 through preliminary approval of the Settlement Agreement.

## TERMS

32. **Amended Settlement Agreement.** It is agreed to by and between the parties that this Amended Settlement Agreement (together with the exhibits thereto) shall replace in full the Settlement Agreement previously signed by the parties and tendered to the Court with the August 16, 2021 Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. # 127).

33. **Dismissal For Those Who Did Not Work Overtime**. The Parties understand and agree that there are 115 AMC employees during the Settlement Period who have not opted out and are not entitled to overtime compensation under this Agreement. More particularly, the reason for these employees not participating in the Settlement is that upon review of payroll and time records, the Parties stipulate and agree that: (1) these individuals did not work any overtime hours in any of the three states involved in this action for which they were not fully paid under state and federal law; (2) these individuals, if the matter were to go to trial, would not recover anything even if Plaintiffs were successful in all of their claims; and (3) these individuals are not entitled to any relief under state or federal law for unpaid overtime in any of the three states involved in this action, or related penalties, for the time period covered by the Settlement Period. In filing their motion for approval of settlement of this Amended Agreement, Plaintiffs will file an unopposed request that any remaining opt-in class members, who are neither participating in this Settlement nor had their claims dismissed via the Court's summary judgment motion, are dismissed from the class based upon the facts above.

34. **Gross Settlement Fund Distribution.** The Gross Settlement Fund shall be used for payment of only the following:

   a. **Class Counsel Fee and Costs.** AMC agrees not to oppose or object to any application or motion by Class Counsel for attorneys' fees up to $1,227,900 (30% of the Gross Settlement Fund) and costs in the amount of $45,765.83, as supported by a declaration from Class Counsel, from the Gross Settlement Fund. The Parties agree and understand that the requested costs are exclusive of the requested fees. Class Counsel will be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this paragraph. The Administrator will issue an IRS Form 1099–MISC to Class Counsel for the payments made pursuant to this paragraph. This Settlement is not contingent upon the Court awarding Class Counsel any particular amount in attorneys' fees and costs. The Class Counsel Fee and Costs shall not be affected by any Class Member who opts-out of this Settlement. If the Court reduces or does not approve the requested Class Counsel Fee and Costs, the Settlement will remain binding on the Parties. Any amount requested by Class Counsel for the Class Counsel Fee and Costs and not granted by the Court will

be retained by AMC and not be available for distribution to the Settlement Class Members. AMC agrees and acknowledges that Class Counsel is/was experienced and qualified to represent the class in this matter and performed the requisite actions (e.g., mediation, motion for class certification, motion for summary judgment, discovery and trial preparation) that would otherwise be expected of a class counsel.

        b.     **Individual Settlement Payments.** Individual Settlement Payments will be paid from the Net Settlement Fund. Each Individual Settlement Payment will be reduced by any legally mandated deductions for employee-side payroll taxes or other required employee-side withholdings. The Administrator will issue the appropriate tax documents associated with the Individual Settlement Payments, including an IRS Form W-2. Individual Settlement Payments shall be divided into the Illinois Fund, New Mexico Fund, and Michigan Fund. Individual Settlement Payments shall be classified as 25% wages and 75% penalties and interest.

        c.     **Class Representative Enhancement Payments.** AMC agrees not to oppose or object to any application or motion for Class Counsel for a class representative enhancement payment in the amount of $7,500.00 for each Named Plaintiff for a total of $97,500. The Class Representative Enhancement will be paid from the Gross Settlement Fund.

        d.     **No Other Distributions.** No other distributions shall be made from the Gross Settlement Fund, including, but not limited to, AMC's share of payroll taxes.

## <u>RELEASE</u>

    35.     **Release By Settlement Class Members.** In exchange for the consideration provided herein, the Settlement Class Members, not including the Named Plaintiffs, hereby release any and all claims they have or may have against the Released Parties arising out of or relating to the manner in which they were compensated by the Released Parties up to the date the Court preliminarily approves this Agreement. The Released Claims include any and all claims they have or may have against the Released Parties arising out of or relating to any and all (1) causes of action asserted or that could have been asserted in the initial complaint, First Amended Complaint and Second Amended Complaint in the Action; (2) claims, rights, demands, charges, complaints causes of action, obligation or liability under any state or federal law, order, rule, statute, regulation, or ordinance for unpaid overtime pay for hours worked in excess of 40 hours per week during the Settlement Period, including claims for wages, penalties, interest, liquidated damages or associated damages; and (3) claims, rights, demands, charges, complaints causes of action, obligation or liability under any state or federal law, order, rule, statute, regulation, or ordinance for unpaid wages during the Settlement Period, including claims for wages, penalties, interest, liquidated damages or associated damages. By entering into this release, it means that they forever release and settle each and all of the Released Claims described in this paragraph and each of the claims pursued in the Action, and that they forego any right to recover any wages, overtime wages, interest, penalties, civil penalties, and/or entitlement to reimbursement. Further, the Released Claims include all claims made in the Action. This release also means they cannot and will not pursue any remedies in the Action. They also agree that this release of the Released Claims extends not only to AMC, but also to its subsidiaries, related companies, parents, successors, assigns, current and former managers, employees, owners, officers, directors, and agents. If any term or

provision of the Agreement is determined to be unenforceable, they agree that the remaining terms will remain binding and in full force and effect.

36. **Release by Named Plaintiffs.**

a. In exchange for the consideration and other promises provided herein, the Named Plaintiffs for himself or herself and his or her representatives, heirs, and assigns, hereby releases and discharges Released Parties from all claims, demands, and causes of action of any nature, known or unknown, that he or she may have against Released Parties, including but not limited to claims that in any manner relate to, arise out of or involve any aspect of his or her employment with any of the Released Parties, and the termination of that employment, if applicable, including, but not limited to, any claims under the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq.; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq.; Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws §§ 408.411 to 408.424; New Mexico Minimum Wage Act, §§ 50-4-19 to 50-4-30; Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and §1981a; Vocational Rehabilitation Act, 29 U.S.C. § 701, et seq.; Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; Executive Order 11246; the Civil Rights Act of 1866, as reenacted, 42 U.S.C. § 1981; the National Labor Relations Act, as amended, 29 U.S.C. § 141, et seq.; the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7201 et seq.; and any and all other municipal, state, and/or federal statutory, executive order, or constitutional provisions pertaining to an employment relationship. This release and waiver also specifically includes without limitation any claims in the nature of tort or contract claims, including specifically but not limited to any claim of wrongful discharge, breach of contract, promissory estoppel, intentional or negligent infliction of emotional distress, interference with contract, defamation, breach of the covenant of good faith and fair dealing, or other such claims. This release includes any and all claims concerning attorney fees, costs, and any and all other expenses related to the claims released herein. Provided, however, that this release and waiver shall not apply to any rights which, by law, may not be waived, such as the right to file or participate in a charge with a federal or state agency; to rights and claims which arise from acts or events occurring after the Effective Date of this Agreement; or to claims for breach of this Agreement. The Employee also specifically covenants and agrees (a) that he or she will not attempt to collect any monetary damages, bring any lawsuit, or file any grievance in relation to any claim or right waived herein; (b) that he or she will immediately withdraw or otherwise secure the immediate dismissal of any pending lawsuit or grievance by the Employee, which is presently pending against any of the Released Parties, without further proceedings or findings adverse to Released Parties; and (c) that he or she is waiving the right to recover in his or her own lawsuit as well as any lawsuit brought on his or her behalf by any federal, state, or local agency.

b. Those Named Plaintiffs over the age of 40 understand that they are releasing claims under the Age Discrimination in Employment Act and Older Workers Benefit Protection Act, that they are being 21 days to review this Agreement, but on their own volition may sign earlier, that they will have seven (7) days upon execution to revoke their Agreement knowing that if any one person does, this whole Agreement shall be deemed null and void and that such revocation must be sent to and received by Lonnie Giamela c/o Fisher Phillips LLP 444 S. Flower Street, Suite 1500, Los Angeles California 90071 within seven (7) days of full execution of this Agreement. Named Plaintiffs agree that they are executing this Agreement fully and voluntarily after having the ability to consult with Class Counsel and/or a counsel of their choice.

## MOTION FOR PRELIMINARY APPROVAL

37.    Named Plaintiffs shall submit this Amended Settlement to the Court for its preliminary approval.  Such submission will include this Settlement, the proposed Notice Packet, and the proposed Preliminary Approval Order, and any motions, memoranda, and evidence as may be necessary for the Court to determine that this Settlement is fair, adequate, and reasonable. The Parties agree to request that the Court enter an order approving the certification of a provisional class after the preliminary approval hearing.  Class Counsel agrees to submit to Defense Counsel a draft of the Motion for Preliminary Approval prior to filing it with the Court, so Defense Counsel may review and make any revisions to the motion within a reasonable time after receipt from Class Counsel.  Defense counsel shall only make changes limited to ensure the intent of this Agreement and to comport with local rules necessary for approval.

## NOTICE OF SETTLEMENT

38.    **Class Information.** Within 14 calendar days after the entry of the Preliminary Approval Order, AMC shall provide the Administrator with the Class Information for purposes of mailing Notice Packets to Class Members.  Class Counsel shall not receive a copy of the Class Information.

39.    **Notice Via First Class Mail.** Within 21 calendar days after receiving the Class Information from AMC, the Administrator will send a copy of the Notice Packet to each Class Member by regular First Class Mail.  The Administrator shall run all the addresses provided through the United States Postal Service NCOA database (which provides updated addresses for any individual who has moved in the previous four years who has notified the U.S. Postal Service of a forwarding address) to obtain current address information.  It will be conclusively presumed that, if an envelope so mailed has not been returned within 21 calendar days of the mailing, the Class Member received the Notice Packet via First Class Mail.

40.    **Undeliverable Notices Sent Via First Class Mail.** Any Notice Packet returned to the Administrator as non-delivered within 21 calendar days of the mailing of the Notice Packet will be re-mailed to the forwarding address affixed thereto.  If no forwarding address is provided, within 3 calendar days of the date of the return of the Notice Packet, the Administrator shall perform a standard skip trace to identify an updated mailing address.  If an updated mailing address

is identified, the Administrator shall resend the Notice Packet to the Class Member within 3 calendar days of the updated mailing address being identified.  Under no circumstances will the deadline to submit an Opt-Out Statement or file and serve a Notice of Objection be extended by virtue of the Administrator's efforts to locate a Class Member whose Notice has been returned.  If a Class Member's Notice Packet is returned to the Administrator more than once as non-deliverable, then an additional Notice Packet will not be resent.

41.     **Undeliverable Notices List.** Within 30 calendar days after the original mailing of the Notice Packets, the Administrator shall provide counsel for the Parties with a complete list of all Notice Packets that were returned as non-delivered.

42.     **Sufficient Notice.** It will be conclusively presumed that a Notice Packet sent in compliance with the procedures specified herein will constitute due and sufficient notice to Class Members and will satisfy the requirement of due process.  Nothing else will be required of, or done by, the Parties, Class Counsel, and/or Defense Counsel to provide notice of the proposed settlement.

43.     **Toll-Free Telephone Line.** Within 21 calendar days after receiving the Class Information from AMC, the Administrator shall establish and staff a toll-free telephone line that Class Members can use to contact the Administrator with any questions relating to this Settlement or update their contact information.

44.     **Website for Notice Packet.** Within 21 calendar days after receiving the Class Information from AMC, the Administrator shall operate a website that includes the language of the Notice of Settlement on the homepage and allows Class Members to download other attachments in the Notice Packet and update their contact information.

## CLAIM SUBMISSION

45.     **No Claims Submission.**  This Settlement is non-claims made.  This means that no Class Member shall be required to submit a claim or claim form or otherwise prove his or her eligibility for participation in this Settlement.

## DISPUTES

46.     **Submission of Disputes.**  Within 30 calendar days after the original mailing of the Notice Packets, any Class Member who disagrees with the accuracy of any part of the Class Information in their Notice Packet, shall provide the Administrator with an explanation to show contrary Class Information.

47.     **Determination of Dispute.**  Within 7 calendar days after receiving an explanation to show contrary Class Information, the Administrator shall consult with the Parties to determine whether an adjustment is warranted, make a determination regarding the amount of any Individual Settlement Payments, and inform the Class Member disputing the Class Information of the Administrator's determination.

48.     **Right to Request Exclusion After Dispute**. Within 14 calendar days after the Administrator sends the Class Member disputing the Class Information the Administrator's determination or the deadline to submit an Opt-Out Statement, whichever is later, the Class Member may submit an Opt-Out Statement.

## OPT-OUTS

49.     **Class Member Opt-Outs.** Within 30 calendar days after the original mailing of the Notice Packets, any Class Member wishing to opt-out of this Settlement must submit a valid Opt-Out Statement to the Administrator.  The Opt-Out Statement: (1) must contain the name, address, and telephone number of the person requesting to opt-out; (2) must be signed by the Class Member; and (3) must be returned to the Administrator at the specified address, fax telephone number, or email address.  The date of the postmark on the Opt-Out Statement, either based on the date on the return mailing envelope, date of the fax stamp, or date of email transmission, will be the exclusive means used to determine whether an Opt-Out Statement has been timely submitted.

50.     **Effect of Submitting Opt-Out Statement.** Any Class Member who requests to opt-out of this Settlement will not be entitled to any recovery under the Settlement and will not be bound by the terms of the Settlement or have any right to object, appeal, or comment thereon. Class Members who receive a Notice Packet but fail to submit a valid and timely Opt-Out Statement will be bound by all terms of the Settlement.

51.     **Request for Opt-Out List.** Within 45 calendar days after the original mailing of the Notice Packets, the Administrator shall provide counsel for the Parties with a complete list of all Class Members who have timely submitted Opt-Out Statements.

52.     **Revocation.**  AMC shall have the unilateral right to void this Settlement if any of the following shall occur: (a) 10% of the Settlement Class Members who worked in New Mexico and are owed overtime opt out of the settlement; (b) 10% of the Settlement Class Members who worked in Illinois and are owed overtime opt out of the settlement; or (c) 10% of total Settlement Class Members who are owed overtime opt-out of the settlement.  Neither any Named Plaintiff nor Class Counsel shall encourage any Settlement Class Member to opt-out of the settlement.

## OBJECTIONS

53.     **Notice of Objections.** Within 30 calendar days after the original mailing of the Notice Packets, any Class Member wishing to object to this Settlement must file with the Court and serve on all Parties a written statement of objection. The date of filing and the date on the proof of service will be deemed the exclusive means for determining that a Notice of Objection was filed and served timely.  The Notice of Objection must be signed by the Class Member and state: (1) the full name of the Class Member; (2) the dates of employment of the Class Member; (3) the job title(s) and job location(s) of the Class Member; (4) the last four digits of the Class Member's Social Security number and/or the Employee ID number; (5) the basis for the objection; and (6) if the Class Member intends to appear at the hearing on the Motion for Final Approval. Class Members who fail to make timely objections in the manner specified above will be deemed

to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

54.   **Effect of Serving and Filing Notice of Objection.** Class Members who timely file and serve Notice of Objection will have a right to appear at the hearing on the Motion for Final Approval to have their objections heard by the Court.   Class Members who file a Notice of Objection must make themselves available for a deposition to be taken by the proponents of the Settlement and/or respond to written discovery propounded by the proponents of the Settlement.

55.   **Response to Objections.** Any Party may file a response to any Notice of Objection no later than 7 calendar days prior to the hearing on the Motion for Final Approval.

## MOTION FOR FINAL APPROVAL

56.   **Declaration of Administrator.** Within 45 calendar days of the original mailing of the Notice Packets, the Administrator shall provide the Parties with a declaration specifying the due diligence the Administrator undertook to mail out the Notice Packets, verifying Administrator Costs, and reporting the number of Notice of Objections and Opt-Out Statements submitted.

57.   **Filing of Motion for Final Approval.** Within 60 calendar days of the original mailing of the Notice Packets, Class Counsel shall file with the Court a Motion for Final Approval. At the hearing on the motion, objections, if any, may be heard, and the Court will determine the proper disbursements to be made from the Gross Settlement Fund.

58.   **Final Approval Order and Entry of Judgment.** Within 7 calendar days of the Court granting the Motion for Final Approval, the Parties will request that the Court sign the Final Approval Order and enter Judgment, with the Court retaining jurisdiction over the Parties to enforce the terms of the Judgment.

59.   **Notice of Final Approval Order and Entry of Judgment.** Within 7 calendar days of the Court signing the Final Approval Order and Judgment, the Administrator shall provide Class Members with the Notice of Final Approval and Entry of Judgment via its website for a period of 65 days.

## DISBURSEMENT

60.   **Payment of Gross Settlement Fund.** Within 30 calendar days after the Effective Date of this Settlement, Defendant shall provide 50% the Gross Settlement Fund to the Administrator. Within one year after the first payment is made, Defendant shall provide the remainder 50% the Gross Settlement Fund to the Administrator.  No interest shall accrue on any payment.  The Administrator will deposit the Gross Settlement Fund in a bank account from which all funds payable under the terms of this Settlement will be paid.

61.   **Accounting of Disbursement.** Within 45 calendar days after the Effective Date of this Settlement, the Administrator shall provide the Parties with an accounting of all anticipated disbursements to be made from the Gross Settlement Fund.

62.     **Disbursement of Gross Settlement Fund.**  Within 7 calendar days after receiving each installment of the Gross Settlement Fund, the Administrator shall disburse the Gross Settlement Fund as specified under this Settlement via first class mail.

63.     **Uncashed Payments.** After 180 days, in the event that there are any uncashed checks attributable to any Settlement Class Member who has not opted out, those funds shall be returned to AMC within 30 days of when they become stale.  In such event, the Settlement Class Member irrevocably waives any right in, or claim to, a share of the Net Settlement Fund, but the terms of the final judgment and the Release of Claims nevertheless will be binding upon the Settlement Class Member.

## TIMELINE

64.     **Timeline of Significant Events.**  The following represents the significant events outlined in this Agreement:

| Event | Deadline |
|---|---|
| Defendant shall provide notification of settlement to appropriate state and federal officials pursuant to 28 USC 1715. | Within 10 calendar days after entry of the Preliminary Approval Order. |
| AMC shall provide the Administrator with the Class Information. | Within 14 calendar days after the entry of the Preliminary Approval Order. |
| The Administrator will send a copy of the Notice Packet to Class Members. | Within 21 calendar days after receiving the Class Information from AMC. |
| Class Members must submit any disputes with Class Information to Administrator. | Within 30 calendar days after the original mailing of the Notice Packets. |
| Class Members wishing to request exclusion must submit an Opt-Out Statement to the Administrator. | Within 30 calendar days after the original mailing of the Notice Packets. |
| Class Member wishing to object must file with the Court and serve on all Parties a written statement of objection. | Within 30 calendar days after the original mailing of the Notice Packets. |
| Class Counsel shall file with the Court a Motion for Final Approval. | Within 60 calendar days of the original mailing of the Notice Packets. |
| AMC shall provide the first installment of the Gross Settlement Fund to the Administrator. | Within 7 calendar days after the Effective Date of this Settlement. |
| AMC shall provide the second installment of the Gross Settlement Fund to the Administrator. | Within one year after the first installment. |

FP 41025956.1

| The Administrator shall disburse the Gross Settlement Fund. | Within 7 calendar days after receiving each installment of the Gross Settlement Fund. |
|---|---|

## MISCELLANEOUS PROVISIONS

65.    **No Other Claims or Lawsuits.** AMC represents that it is unaware of any other demands, claims, or lawsuits that in any way relate to the claims being resolved under this Settlement other than those already disclosed to Class Counsel

66.    **Nullification of Settlement**. If: (i) the Court denies the Motion for Preliminary Approval as provided herein; (ii) the Court does not grant final approval of the Settlement as provided herein; (iii) the Court does not enter a final judgment as provided herein; (iv) the Settlement does not become final for any other reason, or (v) any Party exercises its right under this Settlement to void this Settlement, this Settlement will be null and void and any order or judgment entered by the Court in furtherance of this Settlement will be treated as void from the beginning. In such a case, the Parties and any funds to be awarded under this Settlement will be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement, and the Parties will proceed in all respects as if this Settlement had not been executed, except that any fees already incurred by the Administrator will be paid by AMC. If an appeal is filed from the Court's final judgment, or any other appellate review is sought, administration of the Settlement will be stayed pending final resolution of the appeal or other appellate review, but any fees incurred by the Administrator prior to it being notified of the filing of an appeal from the Court's final judgment, or any other appellate review, will be paid to the Administrator by AMC within 30 calendar days of said notification.

67.    **Tax Liability.** The Parties and Settlement Class Members agree and acknowledge that the Parties contemplated the characterization of damages on their own and that government tax authorities may or may not approve the Parties' characterization of damages. The Parties make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Settlement Class Members are not relying on any statement or representation by the Parties in this regard. Named Plaintiffs and Settlement Class Members understand and agree that they will be responsible for the payment of any employee taxes and penalties assessed on the payments described herein. AMC understands and agrees that it will be responsible for the payment of any employer taxes and penalties assessed on the payments described herein. Any legally-mandated tax reports, tax forms, tax filings, or other tax documents required by administration of this Settlement will be prepared by the Administrator.

68.    **No Admission By the Parties.** AMC denies any and all claims alleged in this Action and denies all wrongdoing whatsoever. This Settlement is not a concession or admission, and will not be used against AMC as an admission or indication with respect to any claim of any fault, concession, or omission by AMC.

69.    **Exhibits.** The terms of this Settlement include the terms set forth in any attached exhibit, which are incorporated by this reference as though fully set forth herein. Any exhibits to this Settlement are an integral part of the Settlement.

70.     **Recitals and Headings.**  The Recitals are incorporated into the terms of this Agreement.  The descriptive headings of any paragraphs or sections of this Settlement are inserted for convenience of reference only and do not constitute a part of this Settlement.

71.     **Unique Class Administrator Costs.** Any class administrator costs unique to administration of this Settlement shall be exclusive of the Gross Settlement Amount and be the sole responsibility of AMC.

72.     **Amendment or Modification.**  This Settlement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

73.     **Entire Settlement.**  This Settlement and any attached exhibits constitute the entire Settlement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement or its exhibits other than the representations, warranties, and covenants contained and memorialized in this Settlement and its exhibits.

74.     **Return of Confidential Documents.**  Within 30 days after the Court's final approval of this Settlement, Class Counsel shall destroy all documents, electronic documents and copies thereof that were designated "Confidential" pursuant to the Agreed Protective Order entered by the Court on September 25, 2019 provided, however, that Class Counsel may retain one copy of the confidential documents for the sole purpose of maintaining a complete file.

75.     **Authorization to Enter Into Settlement.**  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Settlement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement.

76.     **Binding on Successors and Assigns.**  This Settlement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

77.     **Colorado Law Governs.**  All terms of this Settlement and the exhibits hereto will be governed by and interpreted according to the laws of Colorado.

78.     **Jurisdiction of the Court.**  The Parties agree that the Court will retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing this Settlement and all orders and judgments entered in connection therewith.

79.     **Invalidity of Any Provision.**  Before declaring any provision of this Settlement invalid, the Court will first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement valid and enforceable.

80.     **Cooperation.**  The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement.  Such cooperation will include, but not be limited to, execution of such other documents and the taking of such other action as may be reasonably necessary to fulfill the terms of this Settlement.  The Parties to this Settlement will use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set forth herein.

81.     **Notices.** Unless otherwise specifically provided, all notices, demands, or other communications in connection with this Settlement will be sent via email to the following email addresses:

If to Named Plaintiffs:

Chris Miller
Arnold & Miller, PLC
cmiller@arnoldmillerlaw.com

If to AMC:

Lonnie D. Giamela
Fisher & Phillips LLP
lgiamela@fisherphillips.com

82.     **Construction of Settlement.** The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement will not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement.

83.     **Counterparts.**  This Settlement will become binding upon its execution by all of the undersigned. This Settlement may be executed and delivered in two or more counterparts, each of which, when so executed and delivered, shall be an original, and may be so delivered in person, by mail, by email, or by facsimile.

84.     **Signatures.**  This Agreement is valid and binding if signed by AMC's authorized representative and the Named Plaintiffs and Class Counsel.  Named Plaintiffs agree to sign this Agreement and by signing this Agreement are bound by the terms herein stated, and further agree not to request to opt-out of this Agreement and agree not to object to any of the terms of this Agreement or appeal from a Court Order providing final approval to the Parties' Settlement.  Any request to opt-out or object to the Settlement or this Agreement by a Named Plaintiff shall be void and of no force or effect.

85.     **Not All Class Member Signatures Are Required.**  Because the eligible Class Members are numerous, it is impossible or impractical to have each one execute this Agreement. Signatures of the Named Plaintiffs shall bind all Class Members.  The Notice of Settlement will

advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each Class Member.

**BY THEIR SIGNATURES BELOW, EACH OF THE UNDERSIGNED REPRESENTS THAT THEY HAVE READ THE FOREGOING AND FULLY UNDERSTAND AND AGREE TO EACH AND ALL OF THE TERMS AND CONDITIONS SET FORTH HEREIN:**

DATED: _____, 2021          **AIR METHODS CORPORATION**

By: _____

Its: _____

DATED: _____, 2021          **TOM WAGNER**

_____

DATED: _____, 2021          **SUSAN BRZEZINSKI**

_____

DATED: _____, 2021          **MATTHEW DeBROSSE**

_____

DATED: _____, 2021          **JOHN GLAZIER**

_____

DATED: _____, 2021          **JAMES HOWE**

_____

DATED: _____, 2021          **KEVIN MOFFIT**

_____

DATED: _____, 2021     **LAURA WALKER**

_____

DATED: _____, 2021     **DANIELLE NOWISKI**

_____

DATED: _____, 2021     **GENE STALSBERG**

_____

DATED: _____, 2021     **KRISTEN GRADO**

_____

DATED: _____, 2021     **GEORGE RAMEY**

_____

DATED: _____, 2021     **NIKOLAS REPETA**

_____

DATED: _____, 2021     **STEPHANIE PAULEY**

_____

DATED: _____, 2021     **CLASS COUNSEL**

_____
Charles W. Arnold, Esq.

_____
Christopher D. Miller, Esq.

_____
J. Robert Cowan, Esq.

_____

Christopher M. Moody, Esq.


_____

Repps D. Stanford, Esq.

Exhibit A-1

**CLASS ACTION SETTLEMENT**
**PAYOUT SHEET FOR AMENDED SETTLEMENT AGREEMENT**

*Tom Wagner, et al. v. Air Methods Corporation, et al.*
**United States District Court for the District of Colorado**
 Civil Action No. 1:19-cv-00484-RBJ-SKC

**ILLINOIS CLASS:**

| Employee ID | Full Name | Wages | Statutory Damages | Total Damages | Settlement Check Amount |
|---|---|---|---|---|---|
| | | | | | 90.00% |
| 23747 | Abordo, Rainier | $1,864.84 | $2,535.84 | $4,400.68 | $3,960.61 |
| 16494 | Aguiar, Teri | $26,665.25 | $36,259.91 | $62,925.16 | $56,632.64 |
| 22339 | Alcazar, Gustavo | $787.73 | $1,071.18 | $1,858.91 | $1,673.02 |
| 23750 | Anderson, Scott | $2,430.20 | $3,304.64 | $5,734.84 | $5,161.35 |
| 23567 | Ayers, Celeste | $3.17 | $4.31 | $7.48 | $6.73 |
| 22280 | Barrett, Jaclyn | $3,623.70 | $4,927.58 | $8,551.29 | $7,696.16 |
| 18567 | Bennion, Lee | $5,778.82 | $7,858.15 | $13,636.97 | $12,273.27 |
| 23292 | Bingel, Breanna | $5,994.90 | $8,151.98 | $14,146.88 | $12,732.19 |
| 16438 | Borgmann, Kevin | $9,539.62 | $12,972.16 | $22,511.78 | $20,260.61 |
| 19853 | Bova, Anthony | $2,501.00 | $3,400.91 | $5,901.92 | $5,311.72 |
| 16546 | Bowling, Michael | $11,109.03 | $15,106.27 | $26,215.30 | $23,593.77 |
| 24292 | Boyd, Megan | $13.43 | $18.27 | $31.70 | $28.53 |
| 7651 | Bradley, Crystal | $24,976.44 | $33,963.44 | $58,939.87 | $53,045.89 |
| 23748 | Bradtke, Thomas | $165.74 | $225.38 | $391.12 | $352.01 |
| 24443 | Broombaugh, Jeremy | $2.65 | $3.60 | $6.24 | $5.62 |
| 19395 | Burnett, Brandon | $2,026.72 | $2,755.97 | $4,782.69 | $4,304.42 |
| 2310 | Burnett, James | $1,158.00 | $1,574.67 | $2,732.68 | $2,459.41 |
| 19404 | Burrow, Benjamin | $69.52 | $94.53 | $164.05 | $147.64 |
| 19315 | Carey, Leslie | $4,058.17 | $5,518.37 | $9,576.54 | $8,618.88 |
| 16893 | Chapman, Lisa | $47.34 | $64.38 | $111.72 | $100.55 |
| 14111 | Clarida, Pamela | $3,391.87 | $4,612.33 | $8,004.20 | $7,203.78 |
| 20747 | Clever-Stock, Joseph | $22,745.72 | $30,930.06 | $53,675.78 | $48,308.20 |
| 20982 | Cooper, Jared | $690.92 | $939.53 | $1,630.45 | $1,467.40 |
| 22727 | Dahlman, Zack | $5,416.03 | $7,364.82 | $12,780.85 | $11,502.76 |
| 23336 | Day, Marcella | $3,779.62 | $5,139.60 | $8,919.21 | $8,027.29 |
| 17601 | deBuhr, Benjamin | $5,991.72 | $8,147.65 | $14,139.37 | $12,725.43 |
| 10076 | Dennis, Melinda | $33,123.97 | $45,042.61 | $78,166.59 | $70,349.93 |
| 14073 | Denton, Bryon | $26,474.69 | $36,000.79 | $62,475.47 | $56,227.93 |
| 8824 | Diclementi, David | $61.73 | $83.95 | $145.68 | $131.11 |
| 19244 | Downen, Alana | $10,321.16 | $14,034.91 | $24,356.07 | $21,920.46 |
| 17080 | Eident, Derrick | $7,344.49 | $9,987.18 | $17,331.67 | $15,598.51 |
| 23850 | Elliott, Dawn | $614.35 | $835.40 | $1,449.75 | $1,304.78 |
| 17807 | Ezell, Kristin | $11,783.36 | $16,023.24 | $27,806.61 | $25,025.95 |
| 19911 | Fagan, Bryan | $309.97 | $421.51 | $731.48 | $658.33 |
| 17064 | Felchner, Joseph | $8,944.86 | $12,163.39 | $21,108.25 | $18,997.42 |
| 21511 | Foster, Kristian | $14,703.59 | $19,994.23 | $34,697.82 | $31,228.04 |
| 23746 | Freidel, Jesse | $2,220.01 | $3,018.81 | $5,238.83 | $4,714.94 |
| 19583 | Gass, Kevin | $2,419.46 | $3,290.03 | $5,709.50 | $5,138.55 |

| | | | | |
|---|---|---|---|---|
| 16829 | Gebert, Brian | $999.06 | $1,358.54 | $2,357.60 | $2,121.84 |
| 17239 | Gevers, Hannah | $197.67 | $268.80 | $466.48 | $419.83 |
| 23064 | Gibbons, Brendan | $5,985.73 | $8,139.52 | $14,125.25 | $12,712.72 |
| 24126 | Giliberto, Anthony | $3.12 | $4.24 | $7.35 | $6.62 |
| 7536 | Gooding, Stanley | $2,743.66 | $3,730.88 | $6,474.54 | $5,827.09 |
| 17129 | Greer, Jessica | $430.08 | $584.84 | $1,014.92 | $913.43 |
| 24374 | Gueldner, David | $14.99 | $20.39 | $35.38 | $31.84 |
| 18695 | Gutekunst, Paul | $2,666.73 | $3,626.27 | $6,293.01 | $5,663.71 |
| 21413 | Hagen, Johnathan | $5.70 | $7.75 | $13.45 | $12.11 |
| 6557 | Hampton, Deborah | $8,136.36 | $11,063.98 | $19,200.35 | $17,280.31 |
| 16415 | Hartmann, Jonathon | $9,965.58 | $13,551.39 | $23,516.97 | $21,165.27 |
| 22298 | Heflin, Baxter | $2,007.08 | $2,729.26 | $4,736.33 | $4,262.70 |
| 24143 | Heideman, Natasha | $8.46 | $11.50 | $19.96 | $17.96 |
| 22900 | Heller, Diana | $6.67 | $9.07 | $15.73 | $14.16 |
| 21565 | Hendricks, Jeremy | $2,978.64 | $4,050.41 | $7,029.05 | $6,326.14 |
| 24078 | Hendrickson, Abigail | $23.50 | $31.96 | $55.46 | $49.91 |
| 19895 | Henson, Emily | $3,191.16 | $4,339.40 | $7,530.56 | $6,777.50 |
| 6310 | Hess, Kerry | $10,966.94 | $14,913.05 | $25,879.99 | $23,291.99 |
| 23752 | Hicks, Gary | $180.86 | $245.93 | $426.79 | $384.11 |
| 22802 | Hill, Matthew | $4,723.87 | $6,423.60 | $11,147.47 | $10,032.72 |
| 14647 | Hinton, Lois | $13,476.29 | $18,325.31 | $31,801.60 | $28,621.44 |
| 13839 | Holmer, Katharine | $279.37 | $379.89 | $659.26 | $593.33 |
| 24089 | Horst, Vanessa | $12.54 | $17.05 | $29.59 | $26.63 |
| 19564 | Houghton, Andrew | $141.24 | $192.05 | $333.29 | $299.96 |
| 2799 | Houston, June | $38,640.76 | $52,544.44 | $91,185.20 | $82,066.68 |
| 19312 | Howard, Georgetta | $1,273.85 | $1,732.21 | $3,006.06 | $2,705.45 |
| 22023 | Hull, Ashley | $2,892.27 | $3,932.96 | $6,825.22 | $6,142.70 |
| 16875 | Hultz, Sean | $1,171.56 | $1,593.11 | $2,764.68 | $2,488.21 |
| 17805 | Hurd, David | $9,435.30 | $12,830.31 | $22,265.61 | $20,039.05 |
| 20041 | Jerden, Amanda | $9,246.65 | $12,573.78 | $21,820.43 | $19,638.39 |
| 21919 | Johnson, Dylan | $9,358.02 | $12,725.21 | $22,083.23 | $19,874.90 |
| 19724 | Johnson, Jade | $5,325.60 | $7,241.85 | $12,567.45 | $11,310.71 |
| 17757 | Johnson, Jameson | $3,056.37 | $4,156.11 | $7,212.47 | $6,491.22 |
| 23419 | Joseph, Adam | $5,957.44 | $8,101.04 | $14,058.48 | $12,652.63 |
| 19814 | Kaiser, Michael | $62.27 | $84.68 | $146.95 | $132.25 |
| 7731 | Kolarik, Melissa | $4,566.42 | $6,209.50 | $10,775.91 | $9,698.32 |
| 17518 | Kostel, Alexandra | $16,082.85 | $21,869.77 | $37,952.62 | $34,157.35 |
| 21384 | Kostner, Erin | $15,465.43 | $21,030.18 | $36,495.61 | $32,846.05 |
| 2642 | Kubiak, Brenda | $11,366.67 | $15,456.61 | $26,823.28 | $24,140.95 |
| 23753 | Kucan, Jennifer | $3,319.35 | $4,513.71 | $7,833.06 | $7,049.75 |
| 22958 | Lee, Tom | $3,191.34 | $4,339.65 | $7,531.00 | $6,777.90 |
| 17691 | Liesmann, Brittany | $28,157.96 | $38,289.74 | $66,447.70 | $59,802.93 |
| 23496 | Lim, Clifford | $166.50 | $226.41 | $392.91 | $353.62 |
| 14649 | Lohmar, Kristi | $8,682.48 | $11,806.60 | $20,489.09 | $18,440.18 |
| 23743 | Lynch, Mindy | $2,018.64 | $2,744.99 | $4,763.63 | $4,287.27 |
| 22148 | Matheny-Kempton, Lindsey | $32.95 | $44.80 | $77.75 | $69.98 |
| 21580 | McFerrin, Tonya | $7,059.44 | $9,599.57 | $16,659.01 | $14,993.11 |
| 23749 | McLaughlin, Kira | $2,113.94 | $2,874.57 | $4,988.51 | $4,489.66 |
| 17409 | McMahon, Patrick | $8,337.75 | $11,337.83 | $19,675.57 | $17,708.01 |
| 17809 | Meyer, Amanda | $2,993.99 | $4,071.28 | $7,065.27 | $6,358.75 |
| 8544 | Miller, Christian | $2,069.73 | $2,814.46 | $4,884.18 | $4,395.76 |
| 16451 | Moran, Laura | $2,718.03 | $3,696.02 | $6,414.05 | $5,772.64 |

| 10135 | Morgan, Holly | $2,245.86 | $3,053.97 | $5,299.83 | $4,769.84 |
|---|---|---|---|---|---|
| 19181 | Mueller, Rebecca | $1,065.86 | $1,449.38 | $2,515.25 | $2,263.72 |
| 10272 | Mundy, David | $3,210.06 | $4,365.10 | $7,575.15 | $6,817.64 |
| 16879 | Nichols, Jonathan | $33,315.08 | $45,302.48 | $78,617.56 | $70,755.81 |
| 19909 | Niewoehner, Charles | $24,011.07 | $32,650.71 | $56,661.77 | $50,995.60 |
| 02645 | Nikolaisen, Steve | $2,180.41 | $2,964.97 | $5,145.38 | $4,630.84 |
| 08955 | Nordike, Maureen | $268.01 | $364.45 | $632.46 | $569.21 |
| 22098 | Pauley, Stephanie | $347.67 | $472.76 | $820.43 | $738.39 |
| 24332 | Peek, Taylor | $25.20 | $34.27 | $59.47 | $53.52 |
| 19979 | Perry, Bradley | $1,623.97 | $2,208.31 | $3,832.28 | $3,449.05 |
| 23295 | Postin, Taylor | $3,574.14 | $4,860.19 | $8,434.33 | $7,590.90 |
| 14132 | Raabe, Leah | $1,781.76 | $2,422.87 | $4,204.64 | $3,784.17 |
| 14645 | Rehberg, Anthony | $11,860.75 | $16,128.47 | $27,989.22 | $25,190.30 |
| 2309 | Richard, Jack | $5,471.98 | $7,440.91 | $12,912.89 | $11,621.60 |
| 17340 | Rigg, Colleen | $8,910.66 | $12,116.88 | $21,027.54 | $18,924.79 |
| 23751 | Rishling, Todd | $6.67 | $9.07 | $15.73 | $14.16 |
| 20103 | Ruedi, Emily | $7,662.53 | $10,419.65 | $18,082.19 | $16,273.97 |
| 19559 | Ryan, Nolan | $4,491.63 | $6,107.80 | $10,599.43 | $9,539.48 |
| 17957 | Santos, Tiffani | $3,945.00 | $5,364.48 | $9,309.48 | $8,378.53 |
| 17694 | Sarabia, Michael | $32,761.17 | $44,549.26 | $77,310.42 | $69,579.38 |
| 16612 | Schmus, Richard | $1,201.36 | $1,633.64 | $2,835.00 | $2,551.50 |
| 10483 | Schneider, James | $73.86 | $100.44 | $174.30 | $156.87 |
| 10659 | Sedlock, Jennifer | $6,367.51 | $8,658.66 | $15,026.17 | $13,523.55 |
| 20365 | Serafini, Jessica | $12,134.99 | $16,501.40 | $28,636.39 | $25,772.75 |
| 23501 | Seus, Brent | $2,520.04 | $3,426.80 | $5,946.83 | $5,352.15 |
| 2285 | Shoffstall, James | $27,078.83 | $36,822.31 | $63,901.14 | $57,511.02 |
| 17624 | Short, Brandi | $111.40 | $151.48 | $262.88 | $236.60 |
| 18659 | Smith, Christopher | $2,811.16 | $3,822.67 | $6,633.83 | $5,970.44 |
| 22266 | Smith, Heather | $743.50 | $1,011.03 | $1,754.53 | $1,579.07 |
| 21570 | Solomon, Mark | $3,997.93 | $5,436.47 | $9,434.40 | $8,490.96 |
| 16456 | Stefko, Michael | $5,063.88 | $6,885.96 | $11,949.84 | $10,754.86 |
| 19293 | Stone, Jordan | $7,395.52 | $10,056.56 | $17,452.08 | $15,706.87 |
| 21524 | Swan, Jairen | $598.50 | $813.85 | $1,412.36 | $1,271.12 |
| 8381 | Swenson, Danielle | $6,499.91 | $8,838.70 | $15,338.60 | $13,804.74 |
| 14281 | Swetel, Bryan | $1,649.94 | $2,243.61 | $3,893.55 | $3,504.19 |
| 23340 | Trump, Tyler | $3,747.49 | $5,095.90 | $8,843.39 | $7,959.05 |
| 23745 | Ugalde, George | $2.25 | $3.06 | $5.31 | $4.78 |
| 18653 | Vasnaik, Kristina | $6,652.29 | $9,045.91 | $15,698.20 | $14,128.38 |
| 13697 | Volz, Nicholas | $28.46 | $38.70 | $67.17 | $60.45 |
| 17958 | Webb, Adam | $7,505.27 | $10,205.81 | $17,711.09 | $15,939.98 |
| 14712 | Webb, Debra | $8,267.83 | $11,242.75 | $19,510.58 | $17,559.52 |
| 22571 | Webster, Miranda | $1,537.07 | $2,090.13 | $3,627.20 | $3,264.48 |
| 22371 | Weidner, Matthew | $7,245.65 | $9,852.77 | $17,098.41 | $15,388.57 |
| 19840 | Wheeler, Fredrick | $8,026.66 | $10,914.81 | $18,941.47 | $17,047.33 |
| 17532 | White, Lee | $1,141.54 | $1,552.29 | $2,693.83 | $2,424.45 |
| 19321 | Wiese, Richard | $304.15 | $413.59 | $717.74 | $645.97 |
| 17960 | Willette, Elizabeth | $7,321.23 | $9,955.55 | $17,276.77 | $15,549.10 |
| 22177 | Williams, Jason | $7,591.30 | $10,322.80 | $17,914.10 | $16,122.69 |
| 5761 | Windmiller, Jeffrey | $8,130.67 | $11,056.25 | $19,186.92 | $17,268.23 |
| 22342 | Wollmann, Todd | $6,636.13 | $9,023.94 | $15,660.07 | $14,094.07 |
| 19530 | Wood, Jeffrey | $11,668.88 | $15,867.56 | $27,536.44 | $24,782.80 |
| 21694 | Wood, John | $4,088.97 | $5,560.26 | $9,649.24 | $8,684.31 |

| Totals | $853,966.28 | $1,161,239.66 | $2,015,205.94 | $1,813,685.35 |

**NEW MEXICO CLASS:**

| Employee ID | Full Name | Wages | Settlement Check Amount |
|---|---|---|---|
| | | | 36% |
| 18963 | Acosta, Raquel | $5,620.98 | $1,997.29 |
| 20672 | Adams, David | $2,783.96 | $989.22 |
| 19557 | Adkins, Sarah | $24,641.19 | $8,755.68 |
| 18896 | Aguilar, Benjamin | $18,105.60 | $6,433.41 |
| 16371 | Aguilar, Crystal | $17,218.50 | $6,118.20 |
| 22022 | Anderson, Deborah | $6,203.13 | $2,204.14 |
| 14651 | Anderson, Victoria | $358.69 | $127.45 |
| 24340 | Ash, Rebecca | $18.38 | $6.53 |
| 22481 | Austin, Kevin | $38.52 | $13.69 |
| 22625 | Azua, Joseph | $0.47 | $0.17 |
| 23392 | Bains, David | $2,354.63 | $836.66 |
| 21626 | Baker, John | $637.38 | $226.48 |
| 16345 | Barragan, Kimberly | $36,357.37 | $12,918.76 |
| 22903 | Barrera, Jessica | $4,712.30 | $1,674.41 |
| 22479 | Barton, Deanna | $313.68 | $111.46 |
| 11053 | Bastian, Keith | $1,171.66 | $416.32 |
| 21862 | Beers, Michael | $1,902.43 | $675.98 |
| 10774 | Begaye, Sheila | $3,039.04 | $1,079.85 |
| 7061 | Bejarano, Trinity | $52.75 | $18.74 |
| 18825 | Bell, Kristy | $786.11 | $279.33 |
| 21617 | Bennett, Jacob G. | $8,914.78 | $3,167.66 |
| 18784 | Berest, Deborah | $6,814.71 | $2,421.45 |
| 11068 | Berry, David | $28,721.26 | $10,205.44 |
| 21907 | Binegar, Amy | $13,537.15 | $4,810.12 |
| 11077 | Boling, Clifford | $16,343.87 | $5,807.42 |
| 21104 | Bond, Mary | $2,438.84 | $866.59 |
| 19547 | Booth, Michael | $80.00 | $28.43 |
| 23498 | Bousquette, Keith | $1,605.38 | $570.44 |
| 20368 | Bricker, Alicia | $5,444.80 | $1,934.68 |
| 21616 | Bridgforth, Jenny | $612.38 | $217.60 |
| 21712 | Brodin, Brian | $15,541.56 | $5,522.34 |
| 20605 | Brown, Aaron | $18,991.22 | $6,748.09 |
| 11099 | Brown, Eli | $15,224.85 | $5,409.80 |
| 14573 | Brown, Shane | $20,615.65 | $7,325.30 |
| 22188 | Brown, Trisha | $4,436.13 | $1,576.28 |
| 16791 | Brownell, Parker | $20,321.71 | $7,220.85 |
| 17299 | Bunker, Stephanie | $24,215.24 | $8,604.33 |
| 21022 | Burciaga, Ivan | $0.53 | $0.19 |
| 16871 | Burt, James | $275.64 | $97.94 |
| 17237 | Cahoon, Jared | $551.68 | $196.03 |
| 22348 | Cano, Stephanie | $5,466.77 | $1,942.49 |
| 11125 | Carlsen, Brete | $3,253.04 | $1,155.89 |
| 20962 | Carraux, Benjamin | $9,498.30 | $3,375.00 |
| 19922 | Castelo, Kevin | $10,586.61 | $3,761.71 |
| 18995 | Castro, Michael | $154.00 | $54.72 |

| | | | |
|---|---|---|---|
| 11136 | Cathers, Michael | $3.64 | $1.29 |
| 18879 | Cervantes, Kara | $3,433.17 | $1,219.90 |
| 18871 | Chapman, Tyler | $4,176.82 | $1,484.14 |
| 14772 | Charlston, Loren | $400.98 | $142.48 |
| 18787 | Cionek, Matthew | $145.96 | $51.86 |
| 20537 | Cisneros, Cris | $1,407.54 | $500.14 |
| 19675 | Clark, Michele | $18,470.79 | $6,563.17 |
| 17905 | Clark, Naomi | $26,779.18 | $9,515.37 |
| 20038 | Clarke, Challen | $17,650.27 | $6,271.62 |
| 17904 | Clary, James | $1,791.50 | $636.57 |
| 18452 | Cochran, Michael | $113.97 | $40.50 |
| 13498 | Coker, Sarah | $25,790.48 | $9,164.06 |
| 19532 | Colley, Timothy | $11,268.34 | $4,003.95 |
| 17683 | Collins, Elaine | $6,700.71 | $2,380.94 |
| 7936 | Collins, Jamie | $837.20 | $297.48 |
| 22093 | Colvin, Brittaney | $12,053.08 | $4,282.79 |
| 20928 | Constable, Amanda | $509.62 | $181.08 |
| 10684 | Cook, Anthony | $9,467.56 | $3,364.08 |
| 19970 | Cook, Chelsey | $8,246.53 | $2,930.22 |
| 10947 | Cooley, Kenneth | $2,529.01 | $898.63 |
| 11699 | Cooley, Shelley | $27,385.73 | $9,730.89 |
| 13994 | Coombs, Jeremy | $767.68 | $272.78 |
| 22591 | Cooper, Sara | $1,466.17 | $520.97 |
| 19851 | Corbell, Dakota | $340.00 | $120.81 |
| 14279 | Craig, Rebecca | $156.90 | $55.75 |
| 18823 | Cremeens, Thomas | $2,795.32 | $993.25 |
| 12281 | Crews, Donald | $3,575.73 | $1,270.55 |
| 18973 | Crooks, Chiyo | $5,828.55 | $2,071.04 |
| 16872 | Croyle, Christopher | $1,104.36 | $392.41 |
| 21217 | Dauwalder, Spenser | $29.15 | $10.36 |
| 11863 | Davis, Melissa | $6,820.11 | $2,423.37 |
| 21941 | Davis, Michael | $341.70 | $121.42 |
| 13550 | De La Cruz, Nathan | $103.25 | $36.69 |
| 19925 | Decker, Matthew | $110.89 | $39.40 |
| 11212 | Denny, Melvin | $2,326.80 | $826.78 |
| 16506 | Denslow, Cynthia | $840.76 | $298.74 |
| 21936 | Derrington, Benjamin | $7,935.73 | $2,819.78 |
| 22246 | Diocares, Effie | $8,703.73 | $3,092.67 |
| 20925 | Dixon, Roger | $205.20 | $72.91 |
| 14280 | Dockery, Mary | $87.05 | $30.93 |
| 20037 | Dominguez, Samuel | $591.73 | $210.26 |
| 22579 | Donahue, Molly | $6,777.63 | $2,408.28 |
| 22421 | Dowling, Rachel | $12,314.97 | $4,375.84 |
| 21678 | Dunham, Daniel | $3,096.63 | $1,100.32 |
| 19242 | Dunn, Shannon | $38.23 | $13.58 |
| 18848 | Eaton, Sean | $75.52 | $26.83 |
| 14540 | Edmonds, Thomas | $2,380.29 | $845.78 |
| 21489 | Ehredt, Allyssa | $125.46 | $44.58 |
| 17804 | Elie, David | $1,091.08 | $387.69 |
| 22120 | Erickson, Larry | $9,370.46 | $3,329.58 |
| 11252 | Ervin, Larry | $9,125.86 | $3,242.67 |
| 19405 | Escheman, Melissa | $10,637.87 | $3,779.92 |

| | | | |
|---|---|---|---|
| 23664 | Escobedo, Alexandra | $2,112.89 | $750.77 |
| 24316 | Eskridge, William | $1.20 | $0.43 |
| 18968 | Espinosa, Amanda | $216.43 | $76.90 |
| 18889 | Essary, Sharon | $21,238.13 | $7,546.48 |
| 18806 | Etchegaray, Julie | $5,691.10 | $2,022.20 |
| 24257 | Evans, Anna Claire | $40.27 | $14.31 |
| 21103 | Everson, James | $9.75 | $3.46 |
| 18854 | Fabian, Walter | $1,232.96 | $438.10 |
| 20336 | Farley, Zane | $309.36 | $109.92 |
| 19897 | Farney, Donald | $5,255.24 | $1,867.33 |
| 19858 | Fedric, Darryl | $3,991.18 | $1,418.17 |
| 16601 | Felton, Jared | $16,773.32 | $5,960.02 |
| 18870 | Fitzgerald, Jamie | $235.76 | $83.77 |
| 18955 | Flores, Margaret | $25,204.29 | $8,955.77 |
| 17900 | Foster, Richard | $37,574.53 | $13,351.25 |
| 22128 | Fountain, Joshua | $3,885.85 | $1,380.75 |
| 24247 | Fox, Lindsey | $35.28 | $12.54 |
| 23062 | Franco, Glenn | $4,914.64 | $1,746.30 |
| 21908 | Francois, Alex | $17,417.06 | $6,188.75 |
| 13551 | Frech, Kevin | $16,077.75 | $5,712.86 |
| 9051 | Freeman, Donnie | $272.17 | $96.71 |
| 24140 | Frossard, Joshua | $11.25 | $4.00 |
| 13951 | Garcia, Cynthia | $30,625.42 | $10,882.04 |
| 18964 | Garcia, Raul | $7,616.31 | $2,706.28 |
| 23914 | Garner, Micah | $1,449.50 | $515.05 |
| 14415 | Garrett, Douglas | $24.96 | $8.87 |
| 13950 | Gonzales, Arielle | $9,506.43 | $3,377.89 |
| 18928 | Gonzales, Rehannon | $4,205.18 | $1,494.21 |
| 11877 | Gonzalez, Elizabeth | $2.40 | $0.85 |
| 18897 | Grado, Kristen | $2,971.73 | $1,055.94 |
| 19892 | Graham, Allison | $15,506.21 | $5,509.78 |
| 11336 | Griego, Samantha | $21,526.65 | $7,649.00 |
| 16499 | Grossman, Ranell | $7,724.20 | $2,744.62 |
| 19598 | Groten, Eric | $18,017.98 | $6,402.28 |
| 24184 | Guzman-Roman, Arturo | $3.73 | $1.33 |
| 18839 | Hancock, Floyd | $18,240.36 | $6,481.29 |
| 24334 | Hanson-Jaravata, Paul | $6.74 | $2.39 |
| 20097 | Hayes, Carla | $15,072.45 | $5,355.65 |
| 23974 | Haynes, Jacob | $3.67 | $1.30 |
| 21425 | Hegwood, Jessica | $179.25 | $63.69 |
| 11386 | Henderson-Power, Fiona | $2,525.92 | $897.53 |
| 20565 | Herrera, Luis | $3,679.06 | $1,307.27 |
| 21891 | Hershey, Andrew | $5,841.56 | $2,075.66 |
| 22130 | Hice, Ronald | $962.33 | $341.94 |
| 17990 | Hickcox, Michael | $7,452.05 | $2,647.92 |
| 18799 | Hillard, Shonda | $378.18 | $134.38 |
| 22144 | Hobart, Gary | $45.67 | $16.23 |
| 11409 | Hobbs, Steven | $114.09 | $40.54 |
| 16870 | Hood, Carey | $448.85 | $159.49 |
| 11418 | Houston, Denise | $3,971.99 | $1,411.36 |
| 19312 | Howard, Georgetta | $70.00 | $24.87 |
| 18786 | Howell, Alexander | $19,262.59 | $6,844.52 |

| | | | |
|---|---|---|---|
| 11403 | Hughes, Marcelle | $8,361.75 | $2,971.16 |
| 17909 | Huhn, Robert | $7,131.16 | $2,533.89 |
| 17097 | Israel, Kelly | $2,095.32 | $744.52 |
| 11440 | James, Barbara | $42,232.53 | $15,006.36 |
| 18443 | Jennings, Matthew | $13,785.85 | $4,898.49 |
| 17983 | Johnson, Cindy | $18,968.99 | $6,740.20 |
| 18731 | Johnson, Erin | $20,444.91 | $7,264.63 |
| 20950 | Johnston, Catherine | $21.97 | $7.81 |
| 18947 | Jones, Alexander | $6,082.46 | $2,161.26 |
| 18915 | Jones, Jennifer | $5,981.01 | $2,125.21 |
| 18851 | Jones, Lemuel | $20,182.57 | $7,171.41 |
| 19920 | Jones, Merle | $11,343.38 | $4,030.61 |
| 16505 | Joseph, Angus | $17.76 | $6.31 |
| 17242 | Juline, Matthew | $2,041.24 | $725.31 |
| 17098 | Jurczak, Frank | $374.00 | $132.89 |
| 18924 | Keefer, Jennifer | $5,271.32 | $1,873.04 |
| 18840 | Keenan, Donald | $3,934.57 | $1,398.06 |
| 14574 | Kerr, Ryan | $231.38 | $82.22 |
| 14570 | Koerner, Erin | $82.94 | $29.47 |
| 22690 | Kramer, Alexander | $12.15 | $4.32 |
| 18838 | Kropp, John | $16,929.69 | $6,015.58 |
| 18873 | Kuhler, Daniel | $1,817.49 | $645.80 |
| 17759 | Kulikowski, Cynthia | $10,158.99 | $3,609.76 |
| 22075 | Laiacona, George | $6,130.47 | $2,178.32 |
| 18755 | Landberg, Jennifer | $621.46 | $220.82 |
| 17762 | Lane, Troy | $24,416.08 | $8,675.69 |
| 17604 | Lawhorn, Gage | $1,012.46 | $359.75 |
| 22198 | Laymon, Vance | $6,808.81 | $2,419.35 |
| 22126 | Ledesma, Leonardo | $456.74 | $162.29 |
| 14197 | Lemaster, Jeremy | $591.00 | $210.00 |
| 16645 | Leonard, Heather | $4,267.98 | $1,516.53 |
| 19914 | Littleton, Tristen | $19,614.62 | $6,969.61 |
| 19821 | Lobsinger, Ashley | $20,866.51 | $7,414.44 |
| 18886 | Loggin, Sara | $6,730.89 | $2,391.67 |
| 18010 | Longoria, Rolando | $17.01 | $6.04 |
| 18919 | Lopez, Alison | $1,068.57 | $379.69 |
| 21113 | Lopez, Tessie | $4,157.52 | $1,477.28 |
| 23114 | Lord, Nikki | $5,286.15 | $1,878.31 |
| 20502 | Lucero, John | $7,412.62 | $2,633.90 |
| 18837 | Lucero, Simon | $2,639.72 | $937.96 |
| 19565 | Madrid, Perfecto | $3,656.52 | $1,299.26 |
| 11556 | Madsen, Karey | $336.25 | $119.48 |
| 22340 | Markham, Kevin | $336.01 | $119.39 |
| 21894 | Marquez, Kelly | $7,879.96 | $2,799.96 |
| 18921 | Marquez, Orlando | $15,370.64 | $5,461.60 |
| 13663 | Martin, Christopher | $16,234.02 | $5,768.39 |
| 19915 | Mason, Heather | $5,804.29 | $2,062.42 |
| 10942 | Mayfield, Jill | $1.08 | $0.38 |
| 19319 | McBurney, Samuel | $7,623.26 | $2,708.75 |
| 5570 | Mccarty, Amy | $229.83 | $81.66 |
| 12766 | Mcclain, Amanda | $622.78 | $221.29 |
| 14579 | McClendon, Thomas | $37,215.38 | $13,223.63 |

| | | | |
|---|---|---|---|
| 18779 | McDearmid, Ronald | $13,840.96 | $4,918.07 |
| 17051 | McDonald, Mark | $8,756.32 | $3,111.36 |
| 4579 | McDow, Anthony | $2,214.83 | $786.99 |
| 21893 | McGee, Jordan | $9,897.55 | $3,516.87 |
| 12776 | Mcgill, Ted | $200.53 | $71.25 |
| 17045 | McGinnis, Allison | $12,362.77 | $4,392.83 |
| 11594 | Mcginnis, Zachary | $19,471.95 | $6,918.91 |
| 20344 | McKenna, Glenda | $3,044.03 | $1,081.63 |
| 22179 | McKenzie, Holly | $6,502.11 | $2,310.38 |
| 14612 | McNary, Billi | $16,906.20 | $6,007.23 |
| 19916 | McNeil, George | $698.30 | $248.12 |
| 24135 | McNutt, Kimberly | $11.90 | $4.23 |
| 22337 | Mendoza, Michael | $5,072.33 | $1,802.34 |
| 19721 | Meredith, Pamela | $4,035.25 | $1,433.83 |
| 17811 | Moeller, James | $1,039.73 | $369.44 |
| 20576 | Moffatt, Caleb | $184.11 | $65.42 |
| 20772 | Montoya, Gabrielle | $455.63 | $161.90 |
| 22255 | Moore Parker, Kimmerly | $10,021.93 | $3,561.06 |
| 20262 | Moore, Heather | $1,278.44 | $454.26 |
| 20331 | Moyers, Jess | $12,859.89 | $4,569.47 |
| 22180 | Mulder, Sarah | $1,740.99 | $618.62 |
| 10272 | Mundy, David | $558.79 | $198.55 |
| 19252 | Murillo, Anthony | $18,599.61 | $6,608.95 |
| 18934 | Murray, Neil | $3,363.00 | $1,194.97 |
| 11649 | Myers, Matthew | $24,503.84 | $8,706.88 |
| 17099 | Nance, Joel | $631.74 | $224.47 |
| 18772 | Napp, Kevin | $19,738.25 | $7,013.53 |
| 22739 | Nash, Rebecca | $5,865.06 | $2,084.01 |
| 20105 | Nickell, Kathryn | $4,433.65 | $1,575.40 |
| 10786 | Nicolls, Jason | $3,284.23 | $1,166.98 |
| 22702 | Norris, Cynthia | $440.85 | $156.65 |
| 8506 | Nyberg, James | $2.00 | $0.71 |
| 17305 | Nystrom, Teresa | $22,056.34 | $7,837.22 |
| 11672 | Oakes, Don | $2,133.17 | $757.97 |
| 21299 | OHalloran, Thomas | $275.66 | $97.95 |
| 20955 | ONeil, Jacob | $25,545.33 | $9,076.95 |
| 12885 | Ortega, Cruz | $15,562.29 | $5,529.70 |
| 21306 | Ortiz, Ethan | $12,601.06 | $4,477.50 |
| 20465 | Padgett, Jennifer | $2,712.04 | $963.66 |
| 10482 | Palma, Eric | $3,979.85 | $1,414.15 |
| 22601 | Parker, Bryan | $5,231.04 | $1,858.73 |
| 19292 | Parker, Clifton | $5,183.74 | $1,841.92 |
| 18853 | Parker, Eric | $2,566.24 | $911.85 |
| 21149 | Patton, Ryan | $19,697.44 | $6,999.03 |
| 22117 | Peck, Travis | $1,277.33 | $453.87 |
| 18029 | Pena, Adrian | $2,137.11 | $759.37 |
| 20193 | Perez, Marco | $1,366.23 | $485.46 |
| 10939 | Pittman, Laurie | $5,295.99 | $1,881.81 |
| 18900 | Pollard, Gregory | $16,721.34 | $5,941.55 |
| 18698 | Powell, Elaine | $8,291.79 | $2,946.30 |
| 17894 | Purcell, Katherine | $399.71 | $142.03 |
| 18756 | Qubain, Philip | $27,954.46 | $9,932.98 |

| | | | |
|---|---|---|---|
| 18811 | Quick, Hailey | $8,038.28 | $2,856.22 |
| 22313 | Radler, Travis | $2,829.23 | $1,005.30 |
| 11743 | Ramey, George | $4,207.56 | $1,495.06 |
| 6476 | Ramirez, Rey | $149.08 | $52.97 |
| 11744 | Ramsey, Gerald | $141.16 | $50.16 |
| 10290 | Ramsey, Rick | $558.79 | $198.55 |
| 21569 | Raycraft, Nicole | $10.75 | $3.82 |
| 19910 | Redus, James | $2,994.32 | $1,063.96 |
| 16644 | Regan, Maria | $273.60 | $97.22 |
| 21691 | Reid, Ryan | $1.98 | $0.70 |
| 16665 | Repeta, Nikolas | $13,575.29 | $4,823.67 |
| 18906 | Rice, Jessica | $380.80 | $135.31 |
| 18864 | Richards, Danielle | $20,222.30 | $7,185.53 |
| 23971 | Riley, Neil | $449.02 | $159.55 |
| 21192 | Riley, Sean | $3,673.26 | $1,305.21 |
| 18794 | Riordan, Steven | $5,475.85 | $1,945.72 |
| 13434 | Rivas-Savell, Ronnie | $722.64 | $256.77 |
| 11784 | Roden, Keri | $15,414.84 | $5,477.31 |
| 21983 | Rodgers, Jennifer | $4,790.79 | $1,702.30 |
| 17902 | Rodriguez, Adam | $8,526.34 | $3,029.64 |
| 21956 | Rosario, Christina | $3,901.41 | $1,386.28 |
| 18891 | Ruckman, Daron | $1,554.40 | $552.32 |
| 18805 | Ruebush, Frederic | $713.85 | $253.65 |
| 16609 | Russell, Gregory | $166.36 | $59.11 |
| 21272 | Ryan, Joshua | $309.65 | $110.03 |
| 18789 | Salaverry, Jennifer | $15,350.59 | $5,454.48 |
| 18828 | Salazar, Lauren | $13,106.15 | $4,656.97 |
| 23376 | Salvini, Tonda | $4,027.58 | $1,431.11 |
| 22178 | Saunders, Matthew | $3,155.29 | $1,121.16 |
| 22088 | Saunders, Michael | $10,374.71 | $3,686.42 |
| 16482 | Schadel-Turnbow, Leslie | $28,150.95 | $10,002.80 |
| 22569 | Schaum, Lindsay | $5,340.83 | $1,897.74 |
| 19676 | Scher, Mordechai | $1,383.94 | $491.75 |
| 13902 | Schoonover, Christina | $524.43 | $186.34 |
| 18925 | Schultz Jr, Charles | $21,613.96 | $7,680.03 |
| 21646 | Senter, Stan | $8,727.06 | $3,100.96 |
| 19248 | Sepulveda, Joseph | $3,501.72 | $1,244.26 |
| 18949 | Serino, Paul | $1,296.55 | $460.70 |
| 18880 | Shafer, David | $8,327.83 | $2,959.10 |
| 18615 | Shaw, William | $652.92 | $232.00 |
| 21920 | Shepard, Danielle | $5,049.00 | $1,794.05 |
| 18850 | Shivers, Annette | $7,558.61 | $2,685.78 |
| 17624 | Short, Brandi | $9,408.40 | $3,343.06 |
| 20511 | Shumaker, Floyd | $5,631.89 | $2,001.16 |
| 18970 | Sirois, Levi | $4,556.85 | $1,619.17 |
| 11836 | Sizer, Ronel | $513.07 | $182.31 |
| 22335 | Smith, Jason | $7,722.62 | $2,744.06 |
| 14771 | Smith, Steven | $32,648.68 | $11,600.96 |
| 18835 | Soto, Melissa | $3,250.98 | $1,155.16 |
| 24382 | Soules, Eric | $11.07 | $3.93 |
| 17415 | Spears, Martin | $558.75 | $198.54 |
| 22488 | Sprinkle, Jonathan | $1,128.90 | $401.13 |

| | | | |
|---|---|---|---|
| 18741 | Stagner, Sherry | $1,561.25 | $554.75 |
| 17769 | Stalter, Jerry | $7,081.84 | $2,516.37 |
| 23710 | Starnes, Trenton | $1,151.68 | $409.22 |
| 11858 | Starr, James | $38,842.94 | $13,801.95 |
| 18826 | Steiner, Gregory | $370.86 | $131.78 |
| 16900 | Stephens, Jennifer | $3,087.49 | $1,097.07 |
| 6821 | Stevens, Glenn | $222.98 | $79.23 |
| 18814 | Stokes, Keegan | $213.50 | $75.86 |
| 22151 | Stokey, Darrell | $5.50 | $1.95 |
| 18722 | Stolfus, Barbara | $2,967.00 | $1,054.26 |
| 19976 | Stout, Scott | $48.75 | $17.32 |
| 21300 | Tammaro, Scott | $203.50 | $72.31 |
| 19409 | Taradash, Michael | $12,668.49 | $4,501.46 |
| 22744 | Tatum, Shelby | $3,275.18 | $1,163.76 |
| 17052 | Taylor, Sheila | $261.75 | $93.01 |
| 18893 | Terblanche, Sherryn | $29,709.34 | $10,556.53 |
| 14449 | Thompson, Edwin | $808.45 | $287.26 |
| 10948 | Thuesen, Benjamin | $8,790.38 | $3,123.46 |
| 11693 | Thuesen, Darlynn | $19,370.20 | $6,882.76 |
| 20932 | Thurmond, Gary | $2,091.35 | $743.11 |
| 22219 | Trinh, Eugene | $7,233.08 | $2,570.11 |
| 16492 | Trull, Charles | $35,447.76 | $12,595.55 |
| 19543 | Tschirhart, Jason | $38.80 | $13.79 |
| 18966 | Tucker, Christina | $16,425.75 | $5,836.51 |
| 18754 | Valdez, Jennifer | $34,999.57 | $12,436.30 |
| 19599 | Vaught, Kyle | $276.18 | $98.13 |
| 20440 | Vega, Mary | $458.11 | $162.78 |
| 11127 | Vickers, Richard | $174.84 | $62.13 |
| 18834 | Villalobos, Graciela | $5,510.66 | $1,958.09 |
| 14443 | Vlaun, Tara | $4,922.07 | $1,748.94 |
| 13788 | Volk, Sean | $480.34 | $170.68 |
| 13815 | Voyles, Shanna | $5,104.28 | $1,813.69 |
| 24155 | Wall, Kara | $41.68 | $14.81 |
| 20111 | Walters, Caitlin | $1,965.55 | $698.41 |
| 22028 | Watkins, Joshua | $289.03 | $102.70 |
| 18454 | Webb Richards, Jade | $1,675.10 | $595.21 |
| 24098 | Welch, Teresa | $76.95 | $27.34 |
| 10676 | West, Shawna | $3,979.64 | $1,414.07 |
| 22725 | Whitley, Ryan | $4,354.34 | $1,547.21 |
| 24187 | Wiggins, Kyler | $20.90 | $7.43 |
| 24259 | Williams, Matthew | $6.81 | $2.42 |
| 11964 | Willis, Tony | $481.94 | $171.25 |
| 11967 | Wilson, Casey | $64.10 | $22.78 |
| 19937 | Wilson, Tabitha | $17,273.66 | $6,137.80 |
| 18481 | Witwer, Jeannine | $7,140.14 | $2,537.09 |
| 13414 | Woerheide, Heidi | $28,753.16 | $10,216.78 |
| 11974 | Wolfe, Clinton | $13,398.74 | $4,760.94 |
| 19064 | Woodard, Zannie | $1,658.99 | $589.48 |
| 11989 | Yeskin, Russell | $2,110.63 | $749.96 |
| 18930 | Youngerman, Abraham | $3,098.41 | $1,100.95 |
| 24350 | Zillgitt, Kimberly | $0.41 | $0.15 |
| 17136 | Zuniga Salgado, Carlos | $6,969.02 | $2,476.28 |

| Total* | $2,435,960.57 | $865,562.79 |
|--------|---------------|-------------|

\* Total Wages owed for the New Mexico class were adjusted upwards by $6,871.89 after
  settlement to account for an error with one class member's wages as originally calculated.

**MICHIGAN CLASS:**

| Employee ID | Full Name | Wages | Settlement Check Amount 25% |
|---:|---|---:|---:|
| 7135 | Crum, Scott | $787.55 | $196.89 |
| 7214 | Debrosse, Matthew | $3,947.36 | $986.84 |
| 7199 | DeLau, Renee | $18,029.91 | $4,507.48 |
| 17602 | Doody, Autumn | $19,091.07 | $4,772.77 |
| 20096 | Finkbeiner, Austin | $13,435.20 | $3,358.80 |
| 21378 | Frasier, Travis | $84.00 | $21.00 |
| 7957 | Glazier, John | $1,294.30 | $323.57 |
| 18695 | Gutekunst, Paul | $156.50 | $39.12 |
| 7959 | Jackson, Alan | $18,740.76 | $4,685.19 |
| 5767 | Moffit, Kevin | $3,417.20 | $854.30 |
| 10272 | Mundy, David | $286.54 | $71.64 |
| 16823 | Nowiski, Danielle | $1,796.74 | $449.18 |
| 22064 | Petrick, Lance | $5,789.13 | $1,447.28 |
| 20204 | Petzold, Philip | $65.82 | $16.45 |
| 20031 | Reif, Jean | $5,486.26 | $1,371.57 |
| 5768 | Smale, Michael | $45,143.34 | $11,285.83 |
| 5769 | Stalsberg, Eugene | $7,899.69 | $1,974.92 |
| 20606 | Turner, Nathan | $11,859.77 | $2,964.94 |
| 5771 | Wagner, Thomas | $2,169.05 | $542.26 |
| 5772 | Walker, Laura | $10,863.94 | $2,715.98 |
| | Totals | $170,344.13 | $42,586.03 |

Exhibit A-2

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

***Tom Wagner, et al. v. Air Methods Corporation, et al.***
**United States District Court for the District of Colorado**
**Civil Action No. 1:19-cv-00484-RBJ-SKC**

(Name of Class Member)
(Address)
(City, State, Zip Code)
(XXX-XX-_ ____ __)

| **ATTENTION:** |
| --- |
| **THIS IS A COURT-ORDERED NOTICE.**<br>**THIS IS NOT AN ADVERTISEMENT FROM A LAWYER.** |
| This Notice concerns all persons employed by Air Methods Corporation ("AMC") as flight paramedics or flight nurses in Michigan, New Mexico, and/or Illinois from February 19, 2016 to the present." (date of preliminary approval) (the "Class Members"). You have received this Notice pursuant to the Order of the United States District Court for the District of Colorado, because our records indicate that you are a Class Member. If you are a Class Member, you should read this Notice carefully as it relates to a proposed settlement of a class action ("Settlement"). It contains important information regarding your rights, including how you can participate in the Settlement and how to be excluded from the Settlement. |

| | |
| --- | --- |
| **DO NOTHING** | If wage and time records demonstrate that you had uncompensated overtime during the class period, you will receive a payment from the Settlement. No action is required for you to receive a share of this Settlement. |
| **OPT-OUT AND EXCLUDE YOURSELF** | <u>You will receive no payment</u>. This is the only option that allows you to maintain your claims and, if you wish, to file your own lawsuit against AMC for the claims released in this Settlement. |
| **OBJECT** | If you choose, you may object to this Settlement. The Court may or may not agree with your objection. Objecting to the Settlement will not exclude you from receiving a portion of the Settlement. |

## <u>WHY DID YOU RECEIVE THIS NOTICE?</u>

This Notice explains a proposed settlement of a lawsuit, and informs you of your legal rights under that proposed settlement. You are receiving this Notice because our records indicate you are a Class Member on whose behalf this lawsuit has been brought.

## WHAT IS THIS LAWSUIT ABOUT?

On February 19, 2019, Plaintiffs (Tom Wagner, Susan Brzezinski, Matthew DeBrosse, John Glazier, James Howe, Kevin Moffit, and Laura Walker) brought this action in the United States District Court for the District of Colorado on behalf of all current and former flight paramedics and nurses in Illinois, Michigan and other states[1] on behalf of themselves and the Class Members. Plaintiffs then subsequently filed their First Amended Complaint (in which they were joined by Danielle Nowiski, Gene Stalsberg, Kristen Grado, George Ramey, and Nikolas Repeta) to also include claims for flight paramedics and nurses working for AMC in New Mexico during the class period. Plaintiffs subsequently filed a Second Amended Complaint (in which they were joined by Stephanie Pauley). The lawsuit alleges that Named Plaintiffs and certain employees of AMC were not paid all wages due and owed to them. Specifically, they alleged the following causes of action: 1) violation of state overtime requirements; and, 2) unjust enrichment.  The lawsuit seeks recovery of backwages, statutory and civil penalties, interest, attorneys' fees and costs.

AMC denies any liability or wrongdoing of any kind associated with the claims alleged in the lawsuit and further denies that, for any purpose other than that of settling this lawsuit, the lawsuit is appropriate for class treatment. AMC contends, among other things, that it complied at all times with Michigan, New Mexico, Illinois, federal, and all other applicable laws. The Court has ruled that the claims of AMC employees in Illinois were valid and could proceed to a trial on damages, but also ruled that the claims of AMC employees in New Mexico and Michigan were not valid and should be dismissed.

## SUMMARY OF THE SETTLEMENT

### A.      Why is there a Settlement?

In order to resolve all disputes between Named Plaintiffs and AMC and avoid further litigation and its attendant risks, and as a result of extensive settlement discussions between the parties, the parties entered into this Settlement, which has been given preliminary approval by the Court. If you are a Class Member, you have the opportunity to participate in the Settlement (Class Members who participate in the Settlement are referred to as "Settlement Class Members.")

### B.      Class Members

Class Members include all current and former flight paramedics and nurses in Illinois, Michigan, and New Mexico, employed by AMC at anytime from February 19, 2016, through (date of preliminary approval) who are actually owed overtime for hours worked during that period. All Class Members who are owed overtime during that period are listed by state on the Payout Sheet attached as an exhibit to the Amended Settlement Agreement.

### C.      Class Counsel

Counsel for Named Plaintiffs, Charles W. Arnold and Christopher D. Miller of Arnold & Miller, PLC, J. Robert Cowan of Cowan Law Office, PLC, and Christopher M. Moody and Repps D. Stanford of Moody & Stanford, P.C. ("Class Counsel"), have been appointed by the Court as counsel for Class Members.

---

[1] Those other states were Indiana, Maryland, and North Carolina. However, it was later discovered that state claims in those states were not cognizable.

### D.    **Settlement Administrator**

Rust Consulting, Inc. has been appointed as the Settlement Administrator ("Administrator"). The Administrator will assist the parties in carrying out the terms of the Settlement, including distributing payments.  The contact information for the Administrator is the following:

Air Methods Corporation Settlement Administrator
c/o Rust Consulting
P.O. Box 54
Minneapolis, MN 55440-0054
Tel._____
Email: _____

### E.    **Gross Settlement Fund**

The gross settlement payment to be made by AMC under the Settlement is $4,093,000.00 ("Gross Settlement Fund").  This includes any claim for attorneys' fees and costs approved by the Court and any and all amounts that have already been paid or will be paid to or on behalf of Class Members and Named Plaintiffs for resolution of the class claims. AMC has agreed to separately pay the Administrator's fees and costs and will not use any portion of the Gross Settlement Fund to do so.

### F.    **How much can I expect to receive from the Settlement?**

Individual Settlement Payments to Class Members were calculated based upon a review of AMC's time and payroll records to establish the full amount of unpaid overtime that otherwise would be owed to Class Members assuming Named Plaintiffs' class claims were true. Illinois Class Members will receive 90% of an amount equal to their unpaid overtime wages plus statutory liquidated damages. New Mexico Class Members will receive 36% of their unpaid overtime wages. Michigan Class Members will receive 25% of their unpaid overtime wages.

Your Individual Settlement Payment was calculated as follows:

> **Unpaid wages: $ _____**
> **Liquidated Damages (Illinois only): $_____**
> **Total Owed: $_____**
> **Total Individual Settlement Payment: $_____**
> **Total Due: $_____, subject to applicable withholdings**

The Administrator will issue the appropriate tax documents associated with the Individual Settlement Payments, including an IRS Form W-2. Settlement Class Members should consult with their tax advisors concerning the tax consequences of the payment they receive under the Settlement.

### G.    **Disputes**

If a Class Member believes in good faith that any information contained herein is inaccurate, including the amounts in his/her Individual Settlement Payment, the Class Member shall, within 30 calendar days after the original mailing of this Notice, provide the Administrator with an explanation to show contrary information.

Within 7 calendar days after receiving an explanation to show contrary information, the Administrator shall consult with the parties to determine whether an adjustment is warranted, make a determination regarding the amount of any Individual Settlement Payments, and inform the Class Member disputing the information of the Administrator's determination.

## EFFECT OF THE SETTLEMENT

### A.      Released Rights and Claims

1.      Release By All Settlement Class Members.  In exchange for the consideration provided herein, the Settlement Class Members, not including the Named Plaintiffs, hereby release any and all claims they have or may have against the Released Parties arising out of or relating to the manner in which they were compensated by the Released Parties up to (date of preliminary approval).  The Released Claims include any and all claims they have or may have against the Released Parties arising out of or relating to any (1) all causes of action asserted or that could have been asserted in the initial complaint, First Amended Complaint and Second Amended Complaint in the Action; (2) all claims, rights, demands, charges, complaints causes of action, obligation or liability under any state or federal law, order, rule, statute, regulation, or ordinance for unpaid overtime pay for hours worked in excess of 40 hours per week during the Settlement Period, including claims for wages, penalties, interest, liquidated damages or associated damages; and (3) all claims, rights, demands, charges, complaints causes of action, obligation or liability under any state or federal law, order, rule, statute, regulation, or ordinance for unpaid wages during the Settlement Period, including claims for wages, penalties, interest, liquidated damages or associated damages.  By entering into this release, it means that they forever release and settle each and all of the Released Claims described in this paragraph and each of the claims pursued in the Action, and that they forego any right to recover any wages, overtime wages, interest, penalties, civil penalties, and/or entitlement to reimbursement.  Further, the Released Claims include all claims made in the Action.  This release also means they cannot and will not pursue any remedies in the Action.  They also agree that this release of the Released Claims extends not only to AMC, but also to its subsidiaries, related companies, parents, successors, assigns, current and former managers, employees, owners, officers, directors, and agents.  If any term or provision of the Agreement is determined to be unenforceable, they agree that the remaining terms will remain binding and in full force and effect.

2.      Release by Named Plaintiffs.

a.      In exchange for the consideration and other promises provided herein,  the Named Plaintiffs for himself or herself and his or her representatives, heirs, and assigns, hereby releases and discharges Released Parties from all claims, demands, and causes of action of any nature, known or unknown, that he or she may have against Released Parties, including but not limited to claims that in any manner relate to, arise out of or involve any aspect of his or her employment with any of the Released Parties, and the termination of that employment, if applicable, including, but not limited to, any claims under the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq.; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq.; Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws §§ 408.411 to 408.424; New Mexico Minimum Wage Act, §§ 50-4-19 to 50-4-30; Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and §1981a; Vocational Rehabilitation Act, 29 U.S.C. § 701, et seq.; Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; Executive Order 11246; the Civil Rights Act of 1866, as reenacted, 42 U.S.C. § 1981; the National Labor Relations Act, as amended, 29 U.S.C. § 141, et seq.; the Employee Retirement Income Security Act, 29 U.S.C. §

1001 et seq.; Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7201 et seq.; and any and all other municipal, state, and/or federal statutory, executive order, or constitutional provisions pertaining to an employment relationship. This release and waiver also specifically includes without limitation any claims in the nature of tort or contract claims, including specifically but not limited to any claim of wrongful discharge, breach of contract, promissory estoppel, intentional or negligent infliction of emotional distress, interference with contract, defamation, breach of the covenant of good faith and fair dealing, or other such claims. This release includes any and all claims concerning attorney fees, costs, and any and all other expenses related to the claims released herein. Provided, however, that this release and waiver shall not apply to any rights which, by law, may not be waived, such as the right to file or participate in a charge with a federal or state agency; to rights and claims which arise from acts or events occurring after the Effective Date of this Agreement; or to claims for breach of this Agreement. The Employee also specifically covenants and agrees (a) that he or she will not attempt to collect any monetary damages, bring any lawsuit, or file any grievance in relation to any claim or right waived herein; (b) that he or she will immediately withdraw or otherwise secure the immediate dismissal of any pending lawsuit or grievance by the Employee, which is presently pending against any of the Released Parties, without further proceedings or findings adverse to Released Parties; and (c) that he or she is waiving the right to recover in his or her own lawsuit as well as any lawsuit brought on his or her behalf by any federal, state, or local agency.

b.     Those Named Plaintiffs over the age of 40 understand that they are releasing claims under the Age Discrimination in Employment Act and Older Workers Benefit Protection Act, that they are being 21 days to review this Agreement, but on their own volition may sign earlier, that they will have seven (7) days upon execution to revoke their Agreement knowing that if any one person does, this whole Agreement shall be deemed null and void and that such revocation must be sent to and received by Lonnie Giamela c/o Fisher Phillips LLP 444 S. Flower Street, Suite 1500, Los Angeles California 90071 within seven (7) days of full execution of this Agreement.  Named Plaintiff agree that they are executing this Agreement fully and voluntarily after having the ability to consult with Class Counsel and/or a counsel of their choice.

**B.     Final Approval Hearing**

The Court will conduct a final approval hearing regarding the proposed settlement (the "Final Approval Hearing") on _____, 202__, at __:00 a.m./p.m., at the federal courthouse located at _____. The Court will determine: (i) whether the Settlement should be given the Court's final approval as fair, reasonable, adequate and in the best interests of the Settlement Class Members (ii) whether the Settlement Class Members should be bound by the terms of the Settlement; and (iii) the amount of the attorneys' fees and costs to Class Counsel. At the Final Approval Hearing, the Court will hear all objections, as well as arguments for and against the proposed Settlement. You have a right to attend this hearing, but you are not required to do so. You also have the right to hire an attorney to represent you, or to enter an appearance and represent yourself.

The Final Approval Hearing may be continued without further notice to the Class Members.  You may contact Class Counsel, listed in this Notice, to inquire into the date and time of the Final Approval Hearing.

Condition of Settlement. This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.

**WHAT ARE YOUR OPTIONS?**

**OPTION 1 – *DO NOTHING***

If you take no action, the Administrator will disburse your Individual Settlement Payment (if you have not already been paid the full amount of your Individual Settlement Payment as outlined above) under the terms of the Settlement.  You will be bound by the terms of the Settlement, including the release of claims described above. **Therefore, you will not have the right to pursue the released claims against AMC and the Released Parties if you do nothing.**

### OPTION 2 – *EXCLUDE YOURSELF FROM THE SETTLEMENT*

You have a right to exclude yourself ("opt-out") from the Settlement. If you choose to do so, however, **you will not receive any benefits from the proposed settlement.** You will **not** be bound by a judgment in this case and you will have the right to file your own lawsuit against AMC, subject to time limits called Statute of Limitations and other potential defenses that AMC may assert, and to pursue your own claims in a separate suit.

You can opt out of the Settlement Class by completing the enclosed Opt-Out Statement form. The Opt-Out Statement form must be signed, dated, completed, and postmarked by_____, 2021 (30 days after mailing of the Notice) and sent to "Air Methods Corporation Settlement Administrator c/o Rust Consulting, P.O. Box 54, Minneapolis, MN 55440-0054." Alternatively, you may e-mail it as an attachment in .PDF format to _____or send it by fax to _____, such that it is received on or before_____. It is recommended that you call the Administrator to confirm that the Administrator has received your Opt-Out Statement form.

### OPTION 3 – *OBJECT TO THE SETTLEMENT*

If you wish to remain a Settlement Class Member, but you object to the proposed settlement (or any of its terms) and wish the Court to consider your objection at the Final Approval Hearing, you must object to the proposed settlement in writing. To do so, you must file with the Court and serve on all parties a Notice of Objection no later than_____, 2021 (30 days after mailing of the Notice). The Notice of Objection must be signed by you and state: (1) your full name; (2) the dates of your employment with AMC; (3) your job title(s) and job location(s) at AMC; (4) the last four digits of your Social Security number and/or your Employee ID number; (5) the basis for your objection; and (6) if you intend to appear at the Final Approval Hearing. Class Members who fail to make timely objections in the manner specified above will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

Objections must be filed with the Clerk of Court for the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A902, 901 19th Street, Denver, CO 80294-3589, with copies served via email to counsel for the parties no later than _____, 2021 (30 days after mailing of the Notice).

**Class Counsel:**
Christopher D. Miller
Arnold & Miller, PLC
cmiller@arnoldmillerlaw.com

**AMC's Counsel:**
Lonnie D. Giamela
Fisher & Phillips LLP
lgiamela@fisherphillips.com

If you timely file and serve a Notice of Objection, you will have the right to appear at the Final Approval Hearing to have your objection heard by the Court. If the Judge rejects your objection, you will still be bound by the terms of the Settlement.

## CHANGE OF ADDRESS

If you move after receiving this Notice, if it was misaddressed or if for any reason you want your Individual Settlement Payment or future correspondence concerning this lawsuit to be sent to a different address, you must supply your preferred address to the Administrator.

## COUNSEL FOR THE PARTIES

**CLASS COUNSEL:**

Charles W. Arnold
Christopher D. Miller
ARNOLD & MILLER, PLC
121 Propserous Place, Suite 6B
Lexington, Kentucky 40509
Telephone: (859) 381-9999
Fax: (859) 389-6666

J. Robert Cowan
COWAN LAW OFFICE, PLC
2401 Regency Road, Suite 300
Lexington, Kentucky 40503
Telephone: (859) 523-8883
Fax: (859) 523-8885

Christopher M. Moody
Repps D. Stanford
MOODY & STANFORD, P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
Telephone: (505) 944-0033
Fax: (505) 944-0034

**AMC'S COUNSEL:**

Lonnie Giamela

LaLonnie Gray
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4454
Fax: (213) 330-4501

## ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you may review the detailed "Class Action Settlement Agreement and Release" that is on file with the Clerk of Court. The pleadings and other records in the lawsuit may also be examined at any time during regular business hours at the Office of the Clerk for the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street, Denver, CO 80294-3589.

# Exhibit A-3

# OPT-OUT STATEMENT

***Tom Wagner, et al. v. Air Methods Corporation, et al.***
**United States District Court for the District of Colorado**
**Civil Action No. 1:19-cv-00484-RBJ-SKC**

**This is NOT a Claim Form. This is an Opt-Out Statement Form, which EXCLUDES you from this class action. <u>DO NOT use this form if you wish to remain IN this class action.</u>**

Name of Class Member: _____

Address: _____
               Street                              City                    State                Postal Code

Telephone:_____     Email: _____
               Area Code/Phone No. (Ext, if
               applicable)

| |
|---|
| **I understand that by requesting to be excluded from this class action, I will <u>not</u> be eligible to receive any money under the class action settlement. I do not wish to receive compensation under the terms of any settlement. I further understand that I will need to file a lawsuit to preserve my claims.** |

☐ By checking this box, I affirm that I wish to be <u>excluded</u> from the class action settlement.

_____          _____
Date Signed                         Signature of Class Member

To be effective, this Form must be completed, signed, and sent by regular mail, postmarked by no later than_____to the addresses listed below.

Air Methods Corporation Settlement Administratorc/o
Rust Consulting
P.O. Box 54
Minneapolis, MN 55440-0054

Alternatively, you may e-mail it as an attachment in .PDF format to_____or send it by fax to_____, such that it is received on or before_____.

**FAILURE TO FOLLOW THE INSTRUCTIONS ON THIS FORM WILL RESULT IN YOU LOSING YOUR RIGHT TO BE EXCLUDED FROM THE CLASS ACTION.**